**Darlene SEILER, Individually and as Heir to Estate of Denman Seiler, Appellant,**

v.

**GUADALUPE VALLEY HOSPITAL, Appellee.**

No. 13–86–104–CV.

Court of Appeals of Texas, Corpus Christi.

April 24, 1986.

**38**

Richard D. Knutson, San Antonio, for appellant.

Timothy Patton, San Antonio, for appellee.

Before NYE, C.J., and UTTER and SEERDEN, JJ.

1. TEX.REV.CIV.STAT.ANN. art. 6252–19 (Vernon 1970), now codified as Chapter 101 of the Civil Practice and Remedies Code.

OPINION

NYE, Chief Justice.

After Denman Seiler died from injuries sustained in a motorcycle accident, his wife brought this action for personal injury damages against the treating physician and the hospital. The parties agreed that appellee Guadalupe Valley Hospital is a unit of government and immune to liability except as provided in the Texas Tort Claims Act.[1] Appellee Guadalupe Valley Hospital moved for summary judgment and severance of the cause of action against it, contending that appellant Seiler had not alleged any action by the hospital which would come within the limited waiver of immunity granted by Section 3 of the Act. The trial court agreed and entered a take-nothing summary judgment and severance order in favor of appellee, Guadalupe Valley Hospital.

Appellant contends the summary judgment was improper because appellant's negligence allegation number six stated a viable cause of action under the Act. Allegation number six charged that hospital employees were negligent "[i]n the failure of GUADALUPE VALLEY HOSPITAL employees to read the physician's Emergency Room chart notes upon DENMAN SEILER'S admission to the surgical floor."

The limited waiver of sovereign immunity granted by the Tort Claims Act does not extend to "non-use" of property by a unit of government. *See Salcedo v. El Paso Hospital District*, 659 S.W.2d 30 (Tex.1983); *Floyd v. Willacy County Hospital District*, 706 S.W.2d 731 (Tex.App.—Corpus Christi 1986, writ requested); *Vela v. Cameron County*, 703 S.W.2d 721 (Tex. App.—Corpus Christi 1985, writ requested).

On its face, the cited portion of appellant's petition alleged a non-use.[2] However, appellant argues that the deposition of Bonnie Cole, the nurse who allegedly failed to read the doctor's note, establishes

2. We will assume for the sake of argument that doctor's notes on a patient's chart constitute tangible property within the meaning of Section 3 of the Act.

a use, or misuse, of the doctor's notes on Denman Seiler. That deposition is not part of the record on appeal. It may not be considered by us in deciding the propriety of the summary judgment. *See Castillo v. Sears, Roebuck & Co.*, 663 S.W.2d 60, 63 (Tex.App.—San Antonio 1983, writ ref'd n.r.e.); *Bering v. Republic Bank of San Antonio*, 581 S.W.2d 806, 809 (Tex.Civ. App.—Corpus Christi 1979, writ ref'd n.r. e.).

Additionally, appellant never responded to the motion for summary judgment filed by appellees. Appellee asserted in its motion for summary judgment that the cause of action did not come within Section 3 of the Act. We have reviewed the record in the light most favorable to the appellant, who was the nonmovant. *See Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex.1975). We are unable to make any reasonable inferences that would raise an issue of fact as to any use or misuse of property by appellee's employees.

The judgment of the trial court is AFFIRMED.