Marie LACY, Appellant,

v.

**RUSK STATE HOSPITAL and Texas Department of Mental Health and Mental Retardation, Appellees.**

No. 12–99–00436–CV.

Court of Appeals of Texas, Tyler.

May 31, 2000.

Rehearing Overruled July 7, 2000.

Lonnie B. Davis, Hemphill, for Appellant.

Phillip E. Marrus, Asst. Atty. Gen., Austin, for Appellee.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

TOM B. RAMEY, Jr., Chief Justice.

Appellant, Marie Lacy sued Appellees, Rusk State Hospital ("Rusk") and the Texas Department of Mental Health and Mental Retardation ("TDMHMR") under the Tort Claims Act for the wrongful death of her son, Michael. In her sole issue, Lacy alleges that the trial court erred in sustaining Appellees' plea to the jurisdiction and motion to dismiss. We will affirm.

### BACKGROUND

Michael, a patient at the Rusk State Hospital, was on an outing with ten other patients and nine staff members to the hospital's lake/lodge facility to watch movies and play board games. During the showing of a movie, Michael sneaked away, without staff permission, and went swimming, during which he drowned. Lacy filed suit against Rusk, TDMHMR, and several individual staff members under the Tort Claims Act under the provisions of the act concerning the use or condition of property, special or premises defects, respondeat superior, and negligent employment. Lacy's claims can be summarized as follows: (1) failure to supervise Michael properly; (2) failure to take special elopement precautions, including failure to lock the doors of the lodge; (3) failure to prevent Michael from going swimming or, alternatively, failure to provide proper equipment, including resuscitation equipment; (4) failure to warn Michael of the hazard of swimming in the lake; (5) failure to fence the lake or have lifeguards present; and (8) negligent employment and/or hiring practices coupled with failure to have policies and procedures to address Michael's elopement propensities. Appellees filed a plea to the jurisdiction and motion to dismiss which was sustained and Appellees were severed from the individual defendants.

### THE STANDARD OF REVIEW

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action.

*City of San Augustine v. Parrish*, 10 S.W.3d 734, 737 (Tex.App.—Tyler 1999, no writ). The plaintiff bears the burden of alleging facts affirmatively showing that the trial court has subject matter jurisdiction. *Id.* When deciding whether to grant a plea to the jurisdiction, the trial court must look solely to the allegations in the petition. *Id.* The court of appeals must take the allegations in the petition as true and construe them in favor of the pleader. *Id.* Whether a trial court has subject matter jurisdiction is a question of law and is reviewed de novo. *Id.*, citing *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998), *cert. denied*, 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

### DISCUSSION

Section 101.021 of the Civil Practice & Remedies Code provides that:

A governmental unit in the state is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 1999).

▓▓▓ In Texas, a governmental unit is immune from tort liability unless the Legislature has waived immunity. *Harris*

*County v. Dillard*, 883 S.W.2d 166, 168 (Tex.1994). The two components of sovereign immunity are immunity from suit and immunity from liability. *Ntreh v. University of Texas—Dallas*, 936 S.W.2d 649, 651 (Tex.App.—Dallas 1996), *rev'd in part on other grounds*, 947 S.W.2d 202 (Tex.1997); *see Missouri Pac. R.R. v. Brownsville Navigation Dist.*, 453 S.W.2d 812, 813 (Tex.1970). Immunity from suit bars suits against units of state government absent express consent. *Ntreh*, 936 S.W.2d at 651; *see also Green International, Inc. v. State*, 877 S.W.2d 428, 432 (Tex.App.—Austin 1994, writ dism'd). The party suing a governmental entity must allege consent to suit either by statute or express legislative permission. *Missouri Pac. R.R.*, 453 S.W.2d at 814; *Ntreh*, 936 S.W.2d at 651. If a governmental entity is sued without such consent, the trial court should grant the governmental entity's plea to the jurisdiction. *Holder v. Mellon Mortgage Co.*, 954 S.W.2d 786, 804 (Tex. App.—Houston [14th Dist.] 1997, no writ); *Vincent v. West Texas State University*, 895 S.W.2d 469, 472 (Tex.App.—Amarillo 1995, no writ); *see State v. Lain*, 162 Tex. 549, 552, 349 S.W.2d 579, 582 (1961).

▓▓▓ To invoke the trial court's jurisdiction under the Tort Claims Act, it is necessary to show in what manner the Act waives the State's immunity from suit. *See Holder*, 954 S.W.2d at 805–08. To state a claim regarding condition of property, a plaintiff must allege that defective or inadequate property caused the injury. *See Salcedo v. El Paso Hospital Dist.*, 659 S.W.2d 30, 31–32 (Tex.1983). Conversely, to state a claim involving use of nondefective property, a plaintiff must allege the property was used or misused by a government employee. *Id.* at 32.

▓▓▓ In addition to the foregoing, the injury must be proximately caused by the condition or use of the property. *See Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998). This requires more than mere

involvement. *Id.* at 341–343. Property does not cause injury if it does no more than furnish the condition that makes injury possible. *Id.* at 343.

### "USE" v. "NON-USE"

 Failure to lock a door through which the deceased escaped is not a "use" of tangible property waiving immunity. *Bossley,* 968 S.W.2d at 343. Allegations that the hospital was negligent in its care or supervision of Michael are not actionable under the Tort Claims Act. *San Antonio State Hosp. v. Koehler,* 981 S.W.2d 32, 37 (Tex.App.—San Antonio 1998, writ denied); *Brown v. Montgomery Co. Hospital Dist.,* 905 S.W.2d 481, 484 (Tex.App.—Beaumont 1995, no writ). Furthermore, non-use of property does not waive sovereign immunity under the Tort Claims Act. *Marroquin v. Life Management Center for MHHR Services,* 927 S.W.2d 228, 231 (Tex.App.—El Paso 1996, writ dism'd w.o.j.); *Seiler v. Guadalupe Valley Hospital,* 709 S.W.2d 37, 38 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

 Failure to provide life preservers and life guards for the lake area where Michael drowned are likewise not actionable under the Tort Claims Act. Swimming was not the sanctioned activity of the outing. Under these circumstances, a state agency is liable only when a state actor has provided property that lacks an integral safety component and that the lack of this integral component leads to the plaintiff's injuries. *Kerrville State Hospital v. Clark,* 923 S.W.2d 582, 585 (Tex.1996). This outing was not for purposes of swimming but for watching movies indoors. Appellees did not provide anything to Michael which was defective and immunity is not waived. *Id.*

 With regard to the defective resuscitation equipment, for immunity to be waived, personal injury or death must be proximately caused by a condition or use of tangible personal or real property. *Bossley* at 343. Although Lacy alleged the equipment was defective, Michael drowned and nothing in the pleadings establishes the improper use of the equipment or that he would have been resuscitated if the equipment had not been defective. There is no allegation in Lacy's pleadings that claim that her son's death was proximately caused by the use of the resuscitation equipment, merely that the equipment was defective and resuscitation was delayed. Such non-use cannot confer authority to sue the State. *Id.*[1]

### THE CONDITION OF THE LAKE AND FAILURE TO WARN

 Lacy alleges that the TDMHMR and Rusk had a duty to warn her son of the dangers of the lake. The duty owed by a premises owner or occupier is determined by the status of the complaining party at the time and place of injury, said status being that of invitee, licensee, or trespasser. *Peerenboom v. HSP Foods, Inc.,* 910 S.W.2d 156, 161 (Tex.App.—Waco 1995, no writ); *Graham v. Atlantic Richfield Co.,* 848 S.W.2d 747, 751 (Tex.App.—Corpus Christi 1993, writ denied). An invitee is a person who enters the premises of another at the express or implied invitation from the owner or occupier for their mutual benefit. *Peerenboom,* 910 S.W.2d at 161. The owner or occupier owes an invitee the duty to keep the property safe and must use reasonable care to protect the invitee from reasonably foreseeable injuries. *Rosas v. Buddies Food Store,* 518 S.W.2d 534, 537 (Tex. 1975). A licensee, however, is a person who is privileged to enter and remain on the premises by the express or implied permission of the owner. *Peerenboom,* 910 S.W.2d at 163. A land owner or occupier is liable to a licensee only if the owner

---

**1.** The Tort Claims Act does not apply to a claim arising from the action of an employee in responding to an emergency as long as the employee's actions are not taken with con-

scious indifference or reckless disregard for the safety of others. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(3) (Vernon 1997).

or occupier has actual knowledge of the condition that injured the plaintiff. *City of El Paso v. Zarate*, 917 S.W.2d 326, 331 (Tex.App.—El Paso 1996, no writ).

 One may be an invitee as to certain parts of the premises, but not as to other parts, and when he leaves that part of the premises to which he has been invited and enters upon another part, his status is immediately changed to that of a trespasser or mere licensee. Where it appears that the plaintiff sustained the injury while using a part of the premises that was designed for his accommodation or use, only then may the owner or occupant be held liable to the victim as an invitee. *Hopkins v. Texas Power & Light Co.*, 514 S.W.2d 143, 148 (Tex.Civ.App.—Dallas 1974, no writ). The test to determine whether a person is an invitee at the time and place of the injury is whether the owner of the premises should have anticipated the presence of someone such as the plaintiff at that particular place on the premises. *Peerenboom*, 910 S.W.2d at 162. Insofar as the allegations concern the condition of the lake, nothing in Lacy's pleadings alleges that Michael was authorized to be in the lake or that his presence was anticipated. As to the lake, Michael was a trespasser and Appellees' duty is governed by this status.

*FAILURE TO IMPLEMENT POLICIES AND NEGLIGENT ENTRUSTMENT*

 The decision to implement policies and procedures is a discretionary function. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 754 (Tex.1995). If the negligence causing an injury lies in the formulation of policy, the governmental entity remains immune from liability. *See State v. Terrell*, 588 S.W.2d 784, 788 (Tex. 1979). A negligent entrustment cause of action based on Appellees' decision to allow their employees to supervise Michael at the lodge is not a cause of action included in the Acts' limited waiver of sovereign immunity. *See Waldon v. City of Longview*, 855 S.W.2d 875, 880 (Tex.App.—Ty-

ler 1993, no writ) citing *Young v. Dimmitt*, 787 S.W.2d 50, 51 (Tex.1990).

We hold that the trial court did not err in granting Appellees' motion to dismiss and plea to the jurisdiction. The judgment of the trial court is ***affirmed***.