TEXAS DEPARTMENT OF
CRIMINAL JUSTICE,
Appellant,

v.

Lorene DILLER, Individually, and as Personal Representative of Her Deceased Son, Michael Thomas Diller's Estate, Appellee.

No. 12–02–00003–CV.

Court of Appeals of Texas,
Tyler.

Nov. 27, 2002.

---

8

Joseph D. Hughes, for appellant.

Frank P. Colosi, Casey & Colosi, Fort Worth, for appellee.

Panel consisted of GOHMERT, JR., C.J., WORTHEN, J., and GRIFFITH, J.

LOUIS B. GOHMERT, JR., Chief Justice.

The Texas Department of Criminal Justice ("TDCJ") appeals the denial of its plea to the jurisdiction. Lorene Diller, individually and as personal representative of the estate of her deceased son, Michael Thomas Diller, sued TDCJ pursuant to the Texas Tort Claims Act. In one issue, TDCJ asserts the trial court erred in determining it had waived sovereign immunity. We reverse and render.

## BACKGROUND

Appellee's son, who suffered from a mental illness and who was known to be suicidal, was incarcerated in a TDCJ facility. One night, after he set his mattress on fire, the guards removed him from his cell and placed him in solitary confinement. During the night he hung himself with a plastic mesh bag that had been left in the cell with him. Appellee sued TDCJ and a psychiatrist employed by the State. TDCJ filed a plea to the jurisdiction claiming sovereign immunity. The trial court denied the plea. TDCJ now appeals that ruling.

### SOVEREIGN IMMUNITY

In its sole issue, TDCJ asserts the trial court erred in overruling its plea to the jurisdiction because Appellee has not shown that TDCJ waived sovereign immunity. TDCJ contends that Appellee's allegations are not cognizable under the Texas Tort Claims Act and, therefore, do not trigger its waiver provisions. Accordingly, it argues, the trial court lacked jurisdiction over the claims against TDCJ.

### APPLICABLE LAW

Sovereign immunity is an affirmative defense that must be pleaded and proved. *Davis v. City of San Antonio*, 752 S.W.2d 518, 520 (Tex.1988). Immunity from suit bars an action against the State unless the State expressly consents to the suit. *Texas Dep't of Trans. v. Jones*, 8 S.W.3d 636, 638 (Tex.1999). Since as early as 1847, the law in Texas has been that absent the State's consent to suit, a trial court lacks subject matter jurisdiction. *Id.* The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Because subject matter jurisdiction presents a question of law, we review the trial court's decision to grant a plea to the jurisdiction *de novo*. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998).

In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to the jurisdictional issue. *Texas Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 587 (Tex.2001). The party suing the governmental entity must establish the State's consent, which may be alleged either by reference to a statute or to express legislative permission. *Jones*, 8 S.W.3d at 638. In considering the jurisdictional allegations contained in a petition, they are to be construed liberally in the plaintiff's favor. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993).

The Tort Claims Act (the "Act") provides a limited waiver of sovereign immunity in certain circumstances:

A governmental unit is liable for:

(1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law; and

(2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). To sue the State for a tort, the pleadings must state a claim under the Act. *Jones*, 8 S.W.3d at 639. Mere reference to the Act is not enough. *Miller*, 51 S.W.3d at 587. We must look to the terms of the Act, considered together with the particular facts of the case, to determine if immunity has been waived. *Id.* "Use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Id.* at 588. Claims involving the failure to use, or the non-use of property, are not within the waiver of sovereign immunity. *Id.* at 587–88.

Under subsection two of the Act, for immunity to be waived, personal injury or death must be proximately caused by the condition or use of tangible property. *Dallas County Mental Health*

and Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex.1998). Property does not cause injury if it does no more than furnish the condition that makes the injury possible. Id. The requirement of causation is more than mere involvement; otherwise the waiver of immunity would be virtually unlimited. Id. To establish that immunity has been waived, a plaintiff must allege a cause of action in which the tangible property is the instrumentality of the harm. Id. at 342; Baston v. City of Port Isabel, 49 S.W.3d 425, 429 n. 4 (Tex.App.-Corpus Christi 2001, pet. denied).

 We must recognize that the Legislature intended the waiver in the Act to be limited. Bossley, 968 S.W.2d at 341. "Arguments for applications of the Act that would essentially result in its waiver becoming absolute must therefore be rejected as contrary to the Act's fundamental purpose." Id. at 342. Further, while the trial court may now consider evidence on the issue of jurisdiction, the trial court is not to assess the merits of the underlying cause of action when determining the jurisdictional issue. See Blue, 34 S.W.3d at 554.

### DISCUSSION

Appellee sued TDCJ alleging that TDCJ employees, who knew her son was suicidal, negligently gave him a strong, plastic mesh bag and put him in a solitary cell where he could not be constantly watched. Her petition mentions wrongful death, res ipsa loquitur, and respondeat superior. There is no discussion of waiver of sovereign immunity. Appellee explained her position in her amended response to TDCJ's plea to the jurisdiction. She argued that the mesh bag was "inappropriate under the circumstances." She asserted immunity was waived when TDCJ furnished the bag as merely furnishing an object inappropriate under the circumstances constitutes a "condition or use of tangible personal property." She contends that the government employees' original misuse of the property was their act of providing the property to her suicidal son under "only sporadically supervised circumstances."

Appellee does not claim waiver of sovereign immunity based on the operation or use of a motor driven vehicle or equipment, on a premises defect, or on the use or misuse of real property. Accordingly, our discussion is limited to whether the pleadings show that Michael Diller's death was caused by a condition of, or TDCJ's use or misuse of, personal property.

 TDCJ employees provided the bag to facilitate movement of Michael Diller's clothing from one cell to another. TDCJ employees put the bag into service and employed the bag for a given purpose. Thus, they "used" the bag for the purpose of transporting Michael Diller's clothing. See Miller, 51 S.W.3d at 587. However, a showing of use by a government employee is insufficient by itself to satisfy the terms of the Act which requires the death to be caused by the use of the property involved. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2). Appellee did not allege that her son's death was caused by using the bag to transport his clothing. Thus, Appellee did not allege that her son's death was proximately caused by a government employee's negligent use of the plastic mesh bag. In fact, it is clear that Michael's death was directly caused by his own use of the bag. To state a claim involving the use of nondefective property, a plaintiff must allege the property was used or misused by a government employee. Lacy v. Rusk State Hosp., 31 S.W.3d 625, 629 (Tex.App.-Tyler 2000, no pet.). Further, TDCJ employees' nonuse of the bag does not lead to waiver of sovereign immunity. Miller, 51 S.W.3d at 587–88.

Accordingly, there has been no waiver of sovereign immunity under the provision of the Act referencing use of personal property.

■ Appellee has not complained about the condition of the bag used by her son. She does not claim it was defective or lacked an integral safety component. Instead, Appellee argues that the government waives immunity and accepts liability when the personal injury or death is proximately caused by an otherwise nondefective article of tangible personal property that is foreseeably inappropriate under the circumstances. We do not agree that this is the law. In the absence of use by a government employee, a state agency is liable only when a state actor has provided property that lacks an integral safety component and the lack of this integral safety component leads to the plaintiff's injuries. *Kerrville State Hosp. v. Clark*, 923 S.W.2d 582, 585 (Tex.1996); *Lacy*, 31 S.W.3d at 630. Therefore, even assuming use of a strong, plastic mesh bag to transport clothing was inappropriate in light of Michael's suicidal tendencies, this circumstance is not one contemplated by the Act that will trigger TDCJ's waiver of sovereign immunity.

Finally, to the extent Appellee asserts immunity is waived because TDCJ employees failed to monitor her son and failed to prevent him from misusing the bag, this argument does not invoke the Act's waiver provision. The substance of this complaint is tantamount to negligent supervision which is not actionable under the Act. *See Bossley*, 968 S.W.2d at 343 (The Act does not provide for waiver of immunity from complaint that employees at government treatment center failed to restrain suicidal patient.); *Lacy*, 31 S.W.3d at 630 (Allegations that State hospital was negligent in its care or supervision of patient who drowned are not actionable under the

Act.). Accordingly, Appellee did not meet her burden to show immunity has been waived. We sustain TDCJ's issue.

### CONCLUSION

We determine that Appellee's son's death was not caused by a condition of, or TDCJ's use or misuse of, personal property. TDCJ did not waive its sovereign immunity. Because the trial court erred in denying TDCJ's plea to the jurisdiction, we reverse and render judgment granting the plea to the jurisdiction and dismissing Appellee's suit for want of jurisdiction.