NO. 12-02-00003-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


TEXAS DEPARTMENT OF 

CRIMINAL JUSTICE,
§
 APPEAL FROM THE 369TH

APPELLANT



V.
§
 JUDICIAL DISTRICT COURT OF


LORENE DILLER, INDIVIDUALLY,

AND AS PERSONAL REPRESENTATIVE

OF HER DECEASED SON,
§
 ANDERSON COUNTY, TEXAS

MICHAEL THOMAS DILLER'S ESTATE,

APPELLEE








 The Texas Department of Criminal Justice ("TDCJ") appeals the denial of its plea to the
jurisdiction. Lorene Diller, individually and as personal representative of the estate of her deceased
son, Michael Thomas Diller, sued TDCJ pursuant to the Texas Tort Claims Act. In one issue, TDCJ
asserts the trial court erred in determining it had waived sovereign immunity. We reverse and
render.


Background

 Appellee's son, who suffered from a mental illness and who was known to be suicidal, was
incarcerated in a TDCJ facility. One night, after he set his mattress on fire, the guards removed him
from his cell and placed him in solitary confinement. During the night he hung himself with a plastic
mesh bag that had been left in the cell with him. Appellee sued TDCJ and a psychiatrist employed
by the State. TDCJ filed a plea to the jurisdiction claiming sovereign immunity. The trial court
denied the plea. TDCJ now appeals that ruling.

Sovereign Immunity


 In its sole issue, TDCJ asserts the trial court erred in overruling its plea to the jurisdiction
because Appellee has not shown that TDCJ waived sovereign immunity. TDCJ contends that
Appellee's allegations are not cognizable under the Texas Tort Claims Act and, therefore, do not
trigger its waiver provisions. Accordingly, it argues, the trial court lacked jurisdiction over the
claims against TDCJ.


Applicable Law

 Sovereign immunity is an affirmative defense that must be pleaded and proved. Davis v. City
of San Antonio, 752 S.W.2d 518, 520 (Tex. 1988). Immunity from suit bars an action against the
State unless the State expressly consents to the suit. Texas Dep't of Trans. v. Jones, 8 S.W.3d 636,
638 (Tex. 1999). Since as early as 1847, the law in Texas has been that absent the State's consent
to suit, a trial court lacks subject matter jurisdiction. Id. The absence of subject matter jurisdiction
may be raised by a plea to the jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554
(Tex. 2000). Because subject matter jurisdiction presents a question of law, we review the trial
court's decision to grant a plea to the jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998). 

 In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to
the jurisdictional issue. Texas Dep't of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). 
The party suing the governmental entity must establish the State's consent, which may be alleged
either by reference to a statute or to express legislative permission. Jones, 8 S.W.3d at 638. In
considering the jurisdictional allegations contained in a petition, they are to be construed liberally
in the plaintiff's favor. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993). 

 The Tort Claims Act (the "Act") provides a limited waiver of sovereign immunity in certain
circumstances:


 A governmental unit is liable for: 


 (1) property damage, personal injury, and death proximately caused by the wrongful act or
omission or the negligence of an employee acting within his scope of employment if: 



 (A) the property damage, personal injury, or death arises from the operation or use
of a motor-driven vehicle or motor driven equipment; and 


 (B) the employee would be personally liable to the claimant according to Texas law;
and


 (2) personal injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to the claimant
according to Texas law. 



Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). To sue the State for a tort, the
pleadings must state a claim under the Act. Jones, 8 S.W.3d at 639. Mere reference to the Act is
not enough. Miller, 51 S.W.3d at 587. We must look to the terms of the Act, considered together
with the particular facts of the case, to determine if immunity has been waived. Id. "Use" means
"to put or bring into action or service; to employ for or apply to a given purpose." Id. at 588. Claims
involving the failure to use, or the non-use of property, are not within the waiver of sovereign
immunity. Id. at 587-88. 

 Under subsection two of the Act, for immunity to be waived, personal injury or death must
be proximately caused by the condition or use of tangible property. Dallas County Mental Health
and Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998). Property does not cause
injury if it does no more than furnish the condition that makes the injury possible. Id. The
requirement of causation is more than mere involvement; otherwise the waiver of immunity would
be virtually unlimited. Id. To establish that immunity has been waived, a plaintiff must allege a
cause of action in which the tangible property is the instrumentality of the harm. Id. at 342; Baston
v. City of Port Isabel, 49 S.W.3d 425, 429 n.4 (Tex. App.- Corpus Christi 2001, pet. denied).

 We must recognize that the Legislature intended the waiver in the Act to be limited. Bossley,
968 S.W.2d at 341. "Arguments for applications of the Act that would essentially result in its waiver
becoming absolute must therefore be rejected as contrary to the Act's fundamental purpose." Id. at
342. Further, while the trial court may now consider evidence on the issue of jurisdiction, the trial
court is not to assess the merits of the underlying cause of action when determining the jurisdictional
issue. See Blue, 34 S.W.3d at 554.



Discussion

 Appellee sued TDCJ alleging that TDCJ employees, who knew her son was suicidal,
negligently gave him a strong, plastic mesh bag and put him in a solitary cell where he could not be
constantly watched. Her petition mentions wrongful death, res ipsa loquitur, and respondeat
superior. There is no discussion of waiver of sovereign immunity. Appellee explained her position
in her amended response to TDCJ's plea to the jurisdiction. She argued that the mesh bag was
"inappropriate under the circumstances." She asserted immunity was waived when TDCJ furnished
the bag as merely furnishing an object inappropriate under the circumstances constitutes a "condition
or use of tangible personal property." She contends that the government employees' original misuse
of the property was their act of providing the property to her suicidal son under "only sporadically
supervised circumstances." 

 Appellee does not claim waiver of sovereign immunity based on the operation or use of a
motor driven vehicle or equipment, on a premises defect, or on the use or misuse of real property.
Accordingly, our discussion is limited to whether the pleadings show that Michael Diller's death was
caused by a condition of, or TDCJ's use or misuse of, personal property. 

 TDCJ employees provided the bag to facilitate movement of Michael Diller's clothing from
one cell to another. TDCJ employees put the bag into service and employed the bag for a given
purpose. Thus, they "used" the bag for the purpose of transporting Michael Diller's clothing. See
Miller, 51 S.W.3d at 587. However, a showing of use by a government employee is insufficient by
itself to satisfy the terms of the Act which requires the death to be caused by the use of the property
involved. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). Appellee did not allege that her son's
death was caused by using the bag to transport his clothing. Thus, Appellee did not allege that her
son's death was proximately caused by a government employee's negligent use of the plastic mesh
bag. In fact, it is clear that Michael's death was directly caused by his own use of the bag. To state
a claim involving the use of nondefective property, a plaintiff must allege the property was used or
misused by a government employee. Lacy v. Rusk State Hosp., 31 S.W.3d 625, 629 (Tex. App.-
Tyler 2000, no pet.). Further, TDCJ employees' nonuse of the bag does not lead to waiver of
sovereign immunity. Miller, 51 S.W.3d at 587-88. Accordingly, there has been no waiver of
sovereign immunity under the provision of the Act referencing use of personal property.

 Appellee has not complained about the condition of the bag used by her son. She does not
claim it was defective or lacked an integral safety component. Instead, Appellee argues that the
government waives immunity and accepts liability when the personal injury or death is proximately
caused by an otherwise nondefective article of tangible personal property that is foreseeably
inappropriate under the circumstances. We do not agree that this is the law. In the absence of use
by a government employee, a state agency is liable only when a state actor has provided property that
lacks an integral safety component and the lack of this integral safety component leads to the
plaintiff's injuries. Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 585 (Tex. 1996); Lacy, 31
S.W.3d at 630. Therefore, even assuming use of a strong, plastic mesh bag to transport clothing was
inappropriate in light of Michael's suicidal tendencies, this circumstance is not one contemplated
by the Act that will trigger TDCJ's waiver of sovereign immunity. 

 Finally, to the extent Appellee asserts immunity is waived because TDCJ employees failed
to monitor her son and failed to prevent him from misusing the bag, this argument does not invoke
the Act's waiver provision. The substance of this complaint is tantamount to negligent supervision
which is not actionable under the Act. See Bossley, 968 S.W.2d at 343 (The Act does not provide
for waiver of immunity from complaint that employees at government treatment center failed to
restrain suicidal patient.); Lacy, 31 S.W.3d at 630 (Allegations that State hospital was negligent in
its care or supervision of patient who drowned are not actionable under the Act.). Accordingly,
Appellee did not meet her burden to show immunity has been waived. We sustain TDCJ's issue.


Conclusion

 We determine that Appellee's son's death was not caused by a condition of, or TDCJ's use
or misuse of, personal property. TDCJ did not waive its sovereign immunity. Because the trial court
erred in denying TDCJ's plea to the jurisdiction, we reverse and render judgment granting the plea
to the jurisdiction and dismissing Appellee's suit for want of jurisdiction.

 LOUIS B. GOHMERT, JR. 

 Chief Justice

Opinion delivered November 27, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.



(PUBLISH)









COURT OF APPEALS


TWELFTH COURT OF APPEALS DISTRICT OF TEXAS


JUDGMENT



November 27, in the Year of our Lord 2002



NO. 12-02-00003-CV



TEXAS DEPARTMENT OF CRIMINAL JUSTICE,


Appellant


V.


LORENE DILLER, INDIVIDUALLY, AND AS


PERSONAL REPRESENTATIVE OF HER DECEASED


SON, MICHAEL THOMAS DILLER'S ESTATE,


Appellee







 Appeal from the 369th Judicial District Court


 of Anderson County, Texas. (Tr.Ct.No. XXX-XX-XXXX)








 THIS CAUSE came to be heard on the appellate record and the briefs filed
herein, and the same being inspected, it is the opinion of the Court that there was error in the
judgment as entered by the trial court below and that the same should be reversed and judgment
rendered. 

 It is therefore ORDERED, ADJUDGED and DECREED by the Court that the
judgment of the trial court in favor of Appellee, Lorene Diller, be, and the same is, hereby
Reversed and judgment is Rendered granting Texas Department of Criminal Justice's
plea to the jurisdiction and dismissing Appellee's suit for want of jurisdiction. 

 It is further ORDERED, ADJUDGED and DECREED that all costs in this
cause expended both in this Court and the trial court below be, and the same are, adjudged against
the Appellee, Lorene Diller for which let execution issue; and that this decision be certified to
the court below for observance.

 Louis B. Gohmert, Jr., Chief Justice.

 Panel consisted of Gohmert, Jr. C.J., Worthen, J., and Griffith, J.