NO. 12-03-00179-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




THE STATE OF TEXAS, RUSK STATE § APPEAL FROM THE 2ND

HOSPITAL, AND TEXAS DEPARTMENT 

OF MENTAL HEALTH AND MENTAL

RETARDATION, APPELLANTS


V.
 § JUDICIAL DISTRICT COURT OF


ELKANAH HENRY KING AND MARY 

KING, INDIVIDUALLY, AND AS 

REPRESENTATIVES OF THE

ESTATE OF ALFRED K. KING,

APPELLEES
 § CHEROKEE COUNTY, TEXAS


 


MEMORANDUM OPINION


 Elkanah Henry King and Mary King, individually, and as representatives of the estate of
Alfred K. King (King), sued the State of Texas, Rusk State Hospital, and the Texas Department of
Mental Health and Mental Retardation (collectively, the State) pursuant to the Texas Tort Claims Act. 
Both sides appeal from the trial court's order granting in part and denying in part the State's plea to
the jurisdiction. The State asserts that it did not waive sovereign immunity under any theory and that
Elkanah King does not have standing to bring suit. King contends that under the facts of this case,
the State waived sovereign immunity. We affirm in part, reverse in part, and render judgment that the
State's plea to the jurisdiction is granted.


Background

 Alfred K. King suffered from a mental illness and was known to be suicidal. He was
committed to Rusk State Hospital for treatment on January 23, 1996. On January 28, he was placed
on "close observation" for his suicidal ideations. An attendant was assigned to watch Alfred at all
times. However, the attendant on duty during the night of January 29 and into the morning of January
30 was confused as to which bed Alfred was in. Early on the morning of January 30, Alfred was
found dead in a shower stall, hanging from his own shoelaces that were tied to the shower head. 
Alfred's parents, King, sued the State and two individuals not parties to this appeal. They filed a
motion for partial summary judgment arguing entitlement to judgment as a matter of law against the
State on the issues of immunity, under both the Tort Claims Act and Section 321.003 of the Texas
Health and Safety Code, (1) and negligence. King alleged that the State used or misused the shoelaces
by allowing Alfred to keep them in his possession and used or misused the beds by failing to properly
identify Alfred's bed, which led to the assigned attendant's confusion in watching the wrong patient.
The State filed a plea to the jurisdiction claiming King lacks standing and that the State is entitled to
sovereign immunity. The trial court denied King's motion for partial summary judgment. It denied
the State's plea to the jurisdiction as to standing and immunity relating to the use or misuse of the
beds. It granted the State's plea as to immunity relating to the use or misuse of the shoelaces and
Section 321.003 of the Health and Safety Code. Each side appeals the portions of the rulings that are
adverse to it. (2)


Sovereign Immunity

Applicable Law

 Sovereign immunity is an affirmative defense that must be pleaded and proved. Davis v. City
of San Antonio, 752 S.W.2d 518, 520 (Tex. 1988). Immunity from suit bars an action against the
State unless the State expressly consents to the suit. Texas Dep't of Transp. v. Jones, 8 S.W.3d 636,
638 (Tex. 1999) (per curiam). Since as early as 1847, the law in Texas has been that absent the State's
consent to suit, a trial court lacks subject matter jurisdiction. Id. The absence of subject matter
jurisdiction may be raised by a plea to the jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000). Because subject matter jurisdiction presents a question of law, we review the
trial court's decision to grant a plea to the jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964
S.W.2d 922, 928 (Tex. 1998). 

 In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to
the jurisdictional issue. Texas Dep't of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex. 2001). The
party suing the governmental entity must establish the State's consent, which may be alleged either
by reference to a statute or to express legislative permission. Jones, 8 S.W.3d at 638. In considering
the jurisdictional allegations contained in a petition, they are to be construed liberally in the plaintiff's
favor. Texas Ass'n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). 

 The Texas Tort Claims Act (the "Act") provides a limited waiver of sovereign immunity in
certain circumstances:


 A governmental unit is liable for: 


 (1) property damage, personal injury, and death proximately caused by the wrongful act
or omission or the negligence of an employee acting within his scope of employment
if: 


 (A) the property damage, personal injury, or death arises from the
operation or use of a motor-driven vehicle or motor driven
equipment; and 


 (B) the employee would be personally liable to the claimant according
to Texas law; and


 (2) personal injury and death so caused by a condition or use of tangible personal or real
property if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law. 



Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). To sue the State for a tort, the
pleadings must state a claim under the Act. Jones, 8 S.W.3d at 639. Mere reference to the Act is not
enough. Miller, 51 S.W.3d at 587. We must look to the terms of the Act, considered together with
the particular facts of the case, to determine if immunity has been waived. Id. To invoke the trial
court's jurisdiction under the Act, it is necessary to show in what manner the Act waives the State's
immunity from suit. Lacy v. Rusk State Hosp., 31 S.W.3d 625, 629 (Tex. App.-Tyler 2000, no pet.). 
To state a claim involving use of nondefective property, a plaintiff must allege the property was used
or misused by a government employee. Salcedo v. El Paso Hosp. Dist., 659 S.W.2d 30, 32 (Tex.
1983). "Use" means "to put or bring into action or service; to employ for or apply to a given purpose." 
Miller, 51 S.W.3d at 588. Claims involving the failure to use, or the non-use of property, are not
within the waiver of sovereign immunity. Id. at 587-88. 

 Under subsection two of the Act, for immunity to be waived, personal injury or death must be
proximately caused by the condition or use of tangible property. Dallas County Mental Health and
Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998). Property does not cause injury if
it does no more than furnish the condition that makes the injury possible. Id. The requirement of
causation is more than mere involvement; otherwise, the waiver of immunity would be virtually
unlimited. Id. To establish that immunity has been waived, a plaintiff must allege a cause of action
in which the tangible property is the instrumentality of the harm. Id. at 342; Baston v. City of Port
Isabel, 49 S.W.3d 425, 429 n.4 (Tex. App.-Corpus Christi 2001, pet. denied).

 We must recognize that the Legislature intended the waiver in the Act to be limited. Bossley,
968 S.W.2d at 341. "Arguments for applications of the Act that would essentially result in its waiver
becoming absolute must therefore be rejected as contrary to the Act's fundamental purpose." Id. at
342. Further, while the trial court may now consider evidence on the issue of jurisdiction, the trial
court is not to assess the merits of the underlying cause of action when determining the jurisdictional
issue. See Blue, 34 S.W.3d at 554.


Discussion

Beds

 King alleged that Alfred's death was caused by a government employee's use or misuse of the
beds. Alfred was in a ward containing six beds. The hospital staff referred to the beds by numbers
one through six although the numbers did not actually appear on the beds. The attendant had been
given instructions that Alfred was under close observation because he might attempt suicide. 
However, the attendant assigned to watch Alfred admitted he watched the wrong bed because he was
mistaken about the bed numbers. King argues that the State misused the beds by misidentifying the
patients in them and contends the beds lacked an integral safety component, namely, adequate
identification. King argues that, if the attendant had not been confused about the bed numbers, he
would have continuously watched Alfred and Alfred would not have had the opportunity to kill
himself. The trial court denied the State's plea to the jurisdiction on the issue of sovereign immunity
as it related to the use or misuse of the beds. 

 The State argues that the attendant's failure to locate Alfred was a misuse of information, not
a misuse of the beds, and therefore, the use of tangible personal property was not involved. It further
argues that any use of the beds was too remote in time and space to be a legal cause of the injury. At
best, it contends, the beds were merely involved in the incident giving rise to the injury. Finally, the
State asserts, this is actually a failure to supervise claim that is not actionable under the Act. 
Therefore, it argues, the trial court's ruling on this issue was error.

 Alfred committed suicide by hanging himself with his shoelaces which he had tied to the
shower head. The beds themselves were not physically used in any way to facilitate the suicide. 
Accordingly, no government employee "used" the beds except to the extent it can be said they used
them to identify patients. The employees' nonuse of the beds does not lead to waiver of sovereign
immunity. Miller, 51 S.W.3d at 587-88. In the absence of use by a government employee, a state
agency is liable only when a state actor has provided property that lacks an integral safety component
and the lack of this integral safety component leads to the plaintiff's injuries. Kerrville State Hosp.
v. Clark, 923 S.W.2d 582, 585 (Tex. 1996); Lacy, 31 S.W.3d at 630. The State did not provide a
defective bed to Alfred. See Lacy, 31 S.W.3d at 630. We reject King's argument that identification
is an integral safety component, the lack of which led to Alfred's injuries. Any "use" of the beds'
identification system constitutes use of information which is not tangible personal property within the
meaning of the Act. University of Tex. Med. Branch v. York, 871 S.W.2d 175, 179 (Tex. 1994).

 Assuming that King's theory that but for the misidentification of the beds, Alfred would not
have had the opportunity to commit suicide is correct, (3) we disagree that this leads to a waiver of
immunity. Again, the bed was not used in the suicide. Property that does no more than furnish the
condition that makes injury possible has not caused the injury within the meaning of the Act. Bossley,
968 S.W.2d at 343. The bed was not the instrumentality of harm. See id. at 342; Archibeque v. North
Tex. State Hosp., 115 S.W.3d 154, 159 (Tex. App.-Fort Worth 2003, no pet.). King's complaint is,
in substance, that the State caused Alfred's death by the failure of its staff to exercise sufficient care
in monitoring him. However, negligence in care or supervision of a patient is not actionable under
the Act. Lacy, 31 S.W.3d at 630. Accordingly, there has been no waiver of sovereign immunity based
on any theory referencing the beds in Alfred's ward. The trial court erred in denying the State's plea
to the jurisdiction on this ground. We sustain the State's second issue.

Shoelaces

 King asserts the trial court erred in granting the State's plea to the jurisdiction with regard to
the shoelaces. King alleges "the State furnished or provided tangible personal property in a condition
that was inadequate, inappropriate, and/or defective." Specifically, King alleges that the State
"provided a suicidal Alfred King with access to attire lacking an integral safety component, namely
shoes with laces." 

 King argues that the State waived its immunity by allowing Alfred to retain his shoelaces
because, since he was suicidal, the shoelaces posed an unreasonable risk of harm. Further, arguing
that the shoelaces were a part of Alfred's attire, King compares this case to cases where immunity was
found to have been waived because the government employee provided an item of property that was
unsafe and which led to an injury. See Robinson v. Central Tex. MHMR Ctr., 780 S.W.2d 169, 171
(Tex. 1989) (Held State liable for employee's provision of swimming attire that did not include life
preserver because that was use or condition of swimming attire.); Lowe v. Texas Tech Univ., 540
S.W.2d 297, 300 (Tex. 1976) (Held that knee brace was integral part of football uniform and State
waived immunity by providing a uniform that was defective due to its lack of a knee brace.). We
disagree that the instant case falls within that line of cases. The supreme court has limited the
precedential value of these cases to claims in which a plaintiff alleges that a state actor has provided
property that lacks an integral safety component and that lack of this integral component led to the
plaintiff's injuries. Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 585 (Tex. 1996). Although King
alleged the shoelaces lacked an integral safety component, we do not agree. Apparently, they were
standard shoelaces, fit for the purpose for which they were designed. To the extent King complains
that the bare act of allowing a suicidal patient access to shoelaces because he may use them to harm
himself is in itself a safety component, we reject this argument. See Texas Dept. of Crim. Justice v.
Diller, No. 12-02-00003-CV, slip op. at 5, 2002 WL 31680829, at *3 (Tex. App.-Tyler Nov. 27, 2002,
pet. filed) (Assuming that provision of item was inappropriate in light of inmate's suicidal tendencies,
State's immunity not waived.). This circumstance is not one contemplated by the Act that will trigger
waiver of sovereign immunity. The State did not provide Alfred with defective shoelaces lacking an
integral safety component. Robinson and Lowe are inapplicable.

 The true gravamen of King's complaint is that hospital employees failed to properly monitor
Alfred so he had the opportunity to commit suicide. See Bossley, 968 S.W.2d at 343 (Although
plaintiffs allege use and condition of property, the real substance of their complaint was that suicidal
patient's death was caused by defendant's failure to restrain him.); Lopez v. McMillion, 113 S.W.3d
447, 451 (Tex. App.-San Antonio 2003, no pet.) (Although plaintiffs alleged that the deputy furnished
inmate with inadequate and/or defective restraints, the gravamen of their complaint is that the deputy's
non-use of restraints led to their injuries.). Failure to monitor and prevent Alfred from misusing his
shoelaces does not result in a waiver of immunity. Diller, No. 12-02-00003-CV, slip op. at 5, 2002
WL 31680829 at *3. Accordingly, we find no error in the trial court's determination to grant the
State's plea to the jurisdiction as to waiver of immunity relating to the use or misuse of the shoelaces. 
We overrule King's cross-issue complaining of this ruling.


Conclusion

 We determine that Alfred's death was not caused by a condition of, or the State's use or misuse
of, personal property. The State did not waive its sovereign immunity. The trial court correctly
granted the State's plea to the jurisdiction as it related to use or misuse of the shoelaces, and we affirm
that portion of the order. The trial court erred in denying the State's plea to the jurisdiction as it
related to use or misuse of the beds and we reverse that portion of the order. Because our
determination of these issues is dispositive of the case, we need not reach the remaining issues. See
Tex. R. App. P. 47.1. We render judgment granting the State's plea to the jurisdiction and dismiss
King's suit for want of jurisdiction.

 JAMES T. WORTHEN 

 Chief Justice


Opinion delivered November 26, 2003.

Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.


(PUBLISH)
1. Tex. Health & Safety Code Ann. § 321.003 (Vernon 2001).
2. King does not complain of the trial court's determination that there is no waiver of sovereign immunity
under Section 321.003 of the Texas Health and Safety Code. See Wichita Falls State Hosp. v. Taylor, 106 S.W.3d
692 (Tex. 2003) (Held that Section 321.003 of the Texas Health and Safety Code does not waive the State's
sovereign immunity.).
3. The record indicates that the ensuing internal investigation revealed that the attendant assigned to watch
Alfred during the night of January 29 and early morning of January 30 left his post several times. He did not always
recruit another staff member to watch Alfred in his absence. Therefore, Alfred's opportunity was not necessarily
dependant on the attendant's confusion over the numbering system.