NO. 12-03-00363-CV
 
IN THE COURT OF APPEALS
 
TWELFTH COURT OF APPEALS DISTRICT
 
TYLER, TEXAS
BOBBY RAY HARRIS,                                             §                  APPEAL FROM THE 349TH
APPELLANT
 
V.                                                                                §                  JUDICIAL DISTRICT COURT OF
 
T.D.C.J.–I.D.,
APPELLEE                                                               §                  HOUSTON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
             Bobby Ray Harris (“Harris”), an inmate in the Texas Department of Criminal Justice -
Institutional Division (“TDCJ”), proceeding pro se, appeals the trial court’s order granting TDCJ’s
plea to the jurisdiction. Harris raises two issues on appeal. We affirm.
 
Background
             Harris is an inmate at TDCJ. Harris sued TDCJ for negligence after his finger was severed
by a steam press he was operating. In his petition, Harris alleged that the machine caused his injury
because it was defective in that it lacked integral safety features. TDCJ filed a plea to the jurisdiction
contending that Harris’s claim was barred by sovereign immunity. Harris responded arguing that
TDCJ had waived sovereign immunity. The trial court granted TDCJ’s plea to the jurisdiction, and
this appeal followed.
 
Sovereign Immunity
             Immunity from suit bars an action against the State unless the State expressly consents to the
suit. See Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). Absent the State's
consent to suit, a trial court lacks subject matter jurisdiction. Id. The absence of subject matter
jurisdiction may be raised by a plea to the jurisdiction. See Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000). Because subject matter jurisdiction presents a question of law, we
review the trial court's decision to grant a plea to the jurisdiction de novo. See Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998).
             In reviewing a plea to the jurisdiction, we review the pleadings and any evidence relevant to
the jurisdictional issue. See Texas Dep’t of Crim. Justice v. Miller, 51 S.W.3d 583, 587 (Tex.
2001). The party suing the governmental entity must establish the State’s consent, which may be
alleged either by reference to a statute or to express legislative permission. See Jones, 8 S.W.3d at
638. The jurisdictional allegations contained in the plaintiff’s petition are to be construed liberally
in the plaintiff's favor. See Texas Ass’n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993).
             The Tort Claims Act (the "Act") provides a limited waiver of sovereign immunity in certain
circumstances: A governmental unit is liable for: 
 
                                A governmental unit is liable for:
 
                                (1)           property damage, personal injury, and death proximately caused
by the wrongful act or omission or the negligence of an employee
acting within his scope of employment if: 
 
                                                (A)          the property damage, personal injury, or death
arises from the operation or use of a
motor-driven vehicle or motor driven
equipment; and
 
                                                (B)          the employee would be personally liable to the
claimant according to Texas law; and 
 
                                (2)           personal injury and death so caused by a condition or use of
tangible personal or real property if the governmental unit would,
were it a private person, be liable to the claimant according to
Texas law. 
 
 
Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). To sue the State for a tort, the
pleadings must state a claim under the Act. See Jones, 8 S.W.3d at 639. Mere reference to the Act
is not enough. See Miller, 51 S.W.3d at 587. We must look to the terms of the Act, considered
together with the particular facts of the case, to determine if the defendant has waived immunity. Id. 
“Use” means “to put or bring into action or service; to employ for or apply to a given purpose.” Id.
at 588. Claims involving the failure to use, or the non-use of property, are not within the waiver of
sovereign immunity. Id. at 587-88.
             Under Section 101.021(2), for immunity to be waived, personal injury or death must be
proximately caused by the condition or use of tangible property. See Dallas County Mental Health
& Mental Retardation v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998). Property does not cause injury
if it does no more than furnish the condition that makes the injury possible. Id. The requirement of
causation is more than mere involvement; otherwise the waiver of immunity would be virtually
unlimited. Id. To establish that immunity has been waived, a plaintiff must allege a cause of action
in which the tangible property is the instrumentality of the harm. Id. at 342; Baston v. City of Port
Isabel, 49 S.W.3d 425, 429 n. 4 (Tex. App.–Corpus Christi 2001, pet. denied).
             We must recognize that the Legislature intended the waiver in the Act to be limited. See
Bossley, 968 S.W.2d at 341. “Arguments for applications of the Act that would essentially result in
its waiver becoming absolute must therefore be rejected as contrary to the Act's fundamental
purpose.” Id. at 342. Further, while the trial court may now consider evidence on the issue of
jurisdiction, the trial court is not to assess the merits of the underlying cause of action when
determining the jurisdictional issue. See Blue, 34 S.W.3d at 554.
             In his first and second issues, Harris argues that he has alleged facts that indicate that TDCJ
waived sovereign immunity pursuant to Section 101.021(2). Specifically, Harris contends that the
steam press in question was defective in that it lacked proper safety equipment.


 
             To state a claim involving the use of nondefective property, a plaintiff must allege the
property was used or misused by a government employee. See Lacy v. Rusk State Hosp., 31 S.W.3d
625, 629 (Tex. App.–Tyler 2000, no pet.). In absence of use by a government employee, a state
agency is liable only when a state actor has provided property that lacks an integral safety component
and the lack of this integral safety component leads to the plaintiff’s injuries. Texas Dep’t of Crim.
Justice v. Diller, 127 S.W.3d 7, 12 (Tex. App.–Tyler 2002, pet. denied) (emphasis added) (citing
Kerrville State Hosp. v. Clark, 923 S.W.2d 582, 585 (Tex. 1996) and Lacy, 31 S.W.3d at 630.). 
Here, the record reflects that Harris, not a government employee, was using the press. Thus, to
overcome TDCJ’s claim of sovereign immunity, the pleadings must indicate that the steam press was
defective because it lacked an integral safety component, and that the lack of such a component
caused his injuries.
             TDCJ provided evidence in support of its plea to the jurisdiction demonstrating that the press
was inspected after the accident and determined not to be defective. Further still, the record reflects
that the press in question had a safety feature composed of two buttons that an operator must depress
to engage the press. The record reflects that these buttons were spaced so that the operator had to
use both hands to depress them. Acknowledging the aforementioned feature, Harris argues that there
was no safety device to prevent an injury such as he suffered were the press to engage on its own. 
Thus, based on our interpretation of his pleadings, Harris does not allege that the press lacked any
safety component, but rather that the safety component present was not as effective as an alternate
safety component might have been.



             The Texas Supreme Court addressed such an argument in Clark. In its discussion, the court
stated as follows:
 
The decisions of this Court, however, have not always fallen neatly within this definition when applying
the terms of the Act. The difficulty of interpreting the Act's waiver provisions has led this Court on
several occasions to request guidance from the Legislature in interpreting these provisions. See, e.g.,
Salcedo v. El Paso Hosp. Dist., 659 S.W.2d 30, 32 (Tex. 1983); Lowe v. Texas Tech Univ., 540
S.W.2d 297, 303 (Tex. 1976) (Greenhill, C.J., concurring). The Legislature, however, has remained
silent on this issue. As a result, our attempts to construe the Act's waiver provisions have resulted in
a "long and arduous history" of cases. University of Texas Medical Branch v. York, 871 S.W.2d 175,
177 (Tex. 1994). Two of these cases, in particular, illustrate the difficulty of interpreting these
provisions.
 
In Lowe v. Texas Tech Univ., 540 S.W.2d 297, 298 (Tex. 1976), Lowe alleged that he injured his knee
while playing football for the university. The injury allegedly occurred when a coach ordered him to
remove his knee brace, worn because of a previous knee injury, and reenter a game without it. Id. at
302 (Greenhill, C.J., concurring). This Court concluded that the knee brace was as integral a part of
Lowe's uniform as his helmet or shoulder pads. Id. at 300. The Court therefore held that the State
waived immunity by providing Lowe with a football uniform that was defective due to its lack of a knee
brace. Id.
 
This rationale was also applied to invoke the Act's waiver provisions in Robinson v. Central Texas
MHMR Center, 780 S.W.2d 169, 171 (Tex. 1989). In Robinson, MHMR took several patients,
including Robinson, swimming. Id. at 169. The employees of MHMR knew that Robinson was
epileptic and occasionally suffered seizures, causing him to lose consciousness. Id. MHMR and its
employees, however, failed to provide Robinson with a life preserver, and he subsequently drowned. 
Id. This Court concluded that "[a] life preserver was just as much a part of Robinson's swimming attire
as the knee brace was part of the uniform in Lowe." Id. at 171. The Court therefore held that MHMR
waived its immunity. Id.
 
These cases represent perhaps the outer bounds of what we have defined as use of tangible personal
property. We did not intend, in deciding these cases, to allow both use and non-use of property to result
in waiver of immunity under the Act. Such a result would be tantamount to abolishing governmental
immunity, contrary to the limited waiver the Legislature clearly intended. The precedential value of
these cases is therefore limited to claims in which a plaintiff alleges that a state actor has provided
property that lacks an integral safety component and that the lack of this integral component led to the
plaintiff's injuries. For example, if a hospital provided a patient with a bed lacking bed rails and the lack
of this protective equipment led to the patient's injury, the Act's waiver provisions would be implicated. 
Lowe, 540 S.W.2d at 300.
 
 The facts of the present case, however, are distinguishable from Lowe and Robinson. The Clarks have
not alleged that KSH failed to provide Ligon with property lacking an integral safety component. ...To
the contrary, the Clarks argue that the treatment prescribed to Ligon was not as effective as an
alternative method of treatment would have been. For Lowe to apply to the Clarks' claims, we must
assume that the university would have waived its immunity even if it had provided Lowe with a knee
brace as long as Lowe could show that another type of knee brace would have better protected him. 
Likewise, for Robinson to apply, we must assume that MHMR would have waived its sovereign
immunity even if it had provided Robinson a life preserver if Robinson could show that MHMR should
have provided him with a better one. Thus, the facts of this case are different than those in Lowe and
Robinson.
 
 
Clark, 923 S.W.2d at 584-85. 
             The issues raised in the instant case bear great similarity to those raised in Clark. In light of 
the terms of the Act and the holding in Clark, considered together with the particular facts of the case
at hand, construed liberally in Harris’s favor, we conclude that TDCJ has not waived sovereign
immunity. We hold that the trial court properly granted TDCJ’s plea to the jurisdiction. Harris’s first
and second issues are overruled.
 
Conclusion
             Having overruled Harris’s first and second issues, we affirm the trial court’s order judgment.
                                                                                                           JAMES T. WORTHEN 
                                                                                                                        Chief Justice
Opinion delivered May 28, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
(PUBLISH)