**DALLAS AREA RAPID TRANSIT,**
Appellant,

v.

**Johnny EDWARDS and Delois Edwards, Appellee.**

No. 05–05–00076–CV.

Court of Appeals of Texas, Dallas.

Aug. 2, 2005.

Rehearing Overruled Sept. 26, 2005.

Hyattye O. Simmons, DART—Legal Department, Dallas, for appellant.

Phillip E. Layer, Law Office of Phillip E. Layer, P.C., Dallas, for appellees.

Before Justices MORRIS, LANG and MAZZANT.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a denial of a plea to the jurisdiction, we address the governmental immunity of Dallas Area Rapid Transit from a suit for damages allegedly sustained when one of its buses collided with the property of Johnny and Delois Edwards. In its sole issue on appeal, DART contends the trial court erred in denying its plea to the jurisdiction because the jurisdictional evidence did not support any cause of action within an exception to governmental immunity under the Texas Torts Claim Act. We affirm the trial court's order in part and reverse it in part.

### I.

Johnny and Delois Edwards filed this suit against Dallas Area Rapid Transit alleging the negligence of one of its employees caused them severe property damage, as well as pain, suffering, and mental anguish. According to affidavits filed by DART in support of its plea to the jurisdiction, George Gary was on duty as a DART bus driver on the evening of October 19, 2003, when he picked up a passenger named John Fitzgerald Williams. After riding on the bus for some time, Williams approached Gary and demanded that Gary turn over control of the bus to him. Williams then placed his foot on top of Gary's foot on the accelerator, forcing Gary to drive the bus faster. Williams and Gary struggled over control of the bus and, eventually, Williams removed Gary from the driver's seat. After Gary was removed from the seat, the bus hit a curb and ran into the Edwardses' property causing damage.

In its plea to the jurisdiction, DART argued the evidence showed that Williams, not Gary, was in control of the bus when the accident occurred and, therefore, any damage suffered by the Edwardses could not have been caused by the alleged negligence of its employee. DART contended that, under the Tort Claims Act, there was no waiver of sovereign immunity when a third-party, who is not an employee, uses one of its vehicles to cause property damage. The only evidence DART submitted in support of its plea was the affidavits of two police officers made in support of an arrest warrant for Williams. After reviewing the evidence, the trial court denied DART's plea to the jurisdiction, and DART brought this interlocutory appeal.

### II.

A plea to the jurisdiction is a dilatory plea, the purpose of which is to

defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). If a plea to the jurisdiction challenges the existence of jurisdictional facts, the parties may submit relevant evidence to resolve the jurisdictional issues. *Id.* at 555. When the jurisdictional challenge implicates the merits of the plaintiffs' cause of action, the trial court reviews the relevant evidence to determine if a fact issue exists. *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 227(Tex.2004). If the evidence creates a fact question regarding the jurisdictional issue, the trial court cannot grant the plea to the jurisdiction, and the fact issue will have to be resolved. *See id.* at 228.

■ Under the Texas Tort Claims Act, a governmental unit's sovereign immunity is waived for property damage, personal injury, and death proximately caused by the wrongful act, omission, or negligence of an employee acting within the scope of his employment if the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment. Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1)(A) (Vernon 2005). In their original petition, the Edwardses allege they suffered both personal injury and property damage as a result of Gary's negligence in his operation of a DART bus and DART's negligence in its training of Gary. Although DART filed special exceptions to the petition contending it failed to state a cause of action for which relief could be granted, DART never obtained a ruling on its special exceptions. Accordingly, DART has waived any complaint that the petition is deficient. *See Smith v. Grace*, 919 S.W.2d 673, 678 (Tex. App.-Dallas 1996, writ denied).

■ DART argues the undisputed affidavits it submitted in support of its plea to the jurisdiction negated jurisdiction by showing that a third-party was in control of the bus at the time of the accident rather than its employee. We disagree. The evidence is, in fact, conflicting with respect to control over the bus. Although one affidavit states the accident occurred "as [Williams] took control of the bus," the other affidavit states the accident occurred "as [Williams] was sitting down in the drivers seat." The latter statement could be read to support the proposition that the accident was caused by Gary's negligence in driving the bus and in the manner in which he handled the conflict with Williams before he was removed from the driver's seat. Evidence that the accident occurred as Williams was sitting down in the driver's seat does not necessarily indicate that Williams was in exclusive control of the bus at the time of the accident. Because the evidence is conflicting, the ultimate issue of who caused the accident that allegedly injured the Edwardses must be resolved by the fact finder. *See Miranda*, 133 S.W.3d at 228.

■ When reviewing a plea to the jurisdiction in which evidence has been submitted, we take as true all evidence favorable to the nonmovant. *See id.* We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* Reading the jurisdictional evidence in the light most favorable to the Edwardses, we conclude, on this record, the Edwardses' claim that Gary negligently operated a bus resulting in injuries to them and their property falls within the "motor-driven vehicle" exception to governmental immunity. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021(1)(A).

■ In contrast, the Edwardses' claim that DART is liable for negligence in the training of its bus drivers does not fall within any exception to DART's governmental immunity. A claim of negligent

supervision or training is not cognizable under the Torts Claim Act. *Tex. Dep't of Public Safety v. Petta,* 44 S.W.3d 575, 580 (Tex.2001). Because the trial court has no jurisdiction over the Edwardses' claim for negligent training, the trial court erred in denying DART's plea to the jurisdiction with respect to that claim.

Based on the foregoing, and because there is a fact question that remains unresolved, we affirm that portion of the trial court's order denying DART's plea to the jurisdiction with respect to the Edwardses' claim for negligence based on Gary's operation of the bus on the evening of October 19, 2003. We reverse the trial court's order, however, with respect to the Edwardses' claim for negligence based on DART's alleged negligent training of its drivers and we dismiss that claim for want of jurisdiction.