**DALLAS COUNTY, Appellant,**

v.

**Kim POSEY, Individually and On Behalf of the Estate of Bryan Posey, Deceased, and Michael Posey, Individually, Appellees.**

No. 05–06–01373–CV.

Court of Appeals of Texas, Dallas.

Aug. 28, 2007.

Rehearing Overruled Dec. 18, 2007.

---

Jana Prigmore, Asst. Dist. Atty., Dallas, for appellant.

Timothy Allen Whitley, Thomas Albert Carse, The Carse Law Firm, Lorin M. Subar, Law Office of Lorin M. Subar, Dallas, Sidney Chesnin, Butler & Binion, Houston, for appellees.

Before Justices WRIGHT, RICHTER, and LANG.

## OPINION

Opinion by Justice WRIGHT.

Dallas County appeals from the trial court's orders denying its third amended plea to the jurisdiction and first amended no-evidence motion for summary judgment. In two issues, the County contends the trial court erred in the denial of its plea to the jurisdiction and no-evidence motion for summary judgment. We overrule the County's issues and affirm the trial court's orders.

### Background

Bryan Posey was arrested on December 9, 2002 for assaulting Kim Posey, his

mother. Kim Posey told the Dallas Police Officer James Steen that Bryan was on drugs and that he had not slept for eight days.

The officers transported Bryan Posey to jail where he went through the book-in procedure. The jail intake officers asked some, but not all of the questions on the Dallas County Mental Disability/Suicide Intake Screening Form. Bryan Posey was seen by a nurse for a cut on his hand that had been stitched. The nurse referred him for possible evaluation by a psychiatrist for anger management. He was placed in a holdover cell where the inmates were allowed to make free telephone calls on a cordless telephone. Kim Posey called the jail to inform them that her son was making harassing telephone calls to her and she requested that the calls be stopped. In response to this information, Bryan Posey was moved into a single cell with a non-working corded telephone. Shortly after Bryan Posey was placed in this single cell, an officer discovered him hanging from the telephone cord. Bryan Posey was pronounced dead at the hospital.

Bryan Posey's parents filed this lawsuit contending the County was negligent in failing to assess Bryan Posey's suicide risk and in placing him in a cell with a non-working corded telephone. The County filed both a plea to the jurisdiction and a no-evidence motion for summary judgment. The trial court denied the County's plea and motion and this appeal timely followed.

## Notice

■ Initially, the County asserts the trial court erred in denying its third amended plea to the jurisdiction because the plaintiffs failed to give the requisite notice. A governmental unit is entitled to receive notice of a claim against it under the Tort Claims Act not later than six months after the day that the incident giving rise to the claim occurred. TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 2005).

[2] In 2005, section 311.034 of the Government Code was amended to provide that notice provisions are jurisdictional requirements in all suits against governmental entities. TEX. GOV'T CODE ANN. § 311.034 (Vernon 2005). This amendment became effective on September 1, 2005. The plaintiffs filed their lawsuit on June 6, 2003. The County contends that this amendment applies retroactively. We disagree. A statute is presumed to be prospective in its application unless expressly made retrospective. TEX. GOV'T CODE ANN. § 311.022 (Vernon 2005). Statutes are only applied retroactively if the statutory language indicates that the legislature intended the statute be retroactive. *In re M.C.C.*, 187 S.W.3d 383, 384 (Tex. 2006). Because the plaintiffs filed their lawsuit prior to September 1, 2005, section 311.034, as amended, does not apply. *See Texas Tech Univ. Health Sciences Center v. Lucero*, 234 S.W.3d 158 (Tex.App.-El Paso 2007, no pet. h.); *City of Seabrook v. Port of Houston Authority*, 199 S.W.3d 403, 437 n. 7 (Tex.App.-Houston [1st Dist.] 2006, pet. granted).

■ Even assuming the amendment to section 311.034 applied to this case, we conclude that the plaintiffs timely provided notice. The Code Construction Act applies to the provisions of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM.CODE ANN. § 1.002 (Vernon 2002). Under the Code Construction Act, if a number of months is to be computed by counting the months from a particular day, "the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun." TEX. GOV'T CODE ANN. § 311.014(c) (Vernon 2005); *Salahat v. Kincaid*, 195

S.W.3d 342, 344 (Tex.App.-Fort Worth 2006, no pet.).

The statute requires notice within six months of the date of the incident giving rise to the claim. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a) (Vernon 2005). The incident in this case occurred on December 9, 2002. Six months from that date is June 9, 2003. The plaintiffs' attorney sent a notice letter dated June 4, 2003. The return receipt shows that it was delivered and signed for on June 9, 2003. Because the County received timely notice, we conclude the trial court did not err in denying its third amended plea to the jurisdiction on the ground that it did not receive the requisite notice.

The County also contends the plaintiffs failed to comply with the notice provision of section 89.004 of the local government code. That section provides that a person may not file suit on a claim against a county unless the person presents the claim to the commissioner's court and the commissioner's court refuses to pay all or part of the claim before the sixtieth day after presentation of the claim. TEX. LOCAL GOV'T CODE ANN. § 89.004(a) (Vernon Supp.2006). This Court has previously held that this notice provision is inapplicable to a case brought under the tort claims act because the notice provision contained in section 101.101(a) of that act constitutes the exclusive notice requirement for bringing suit under that statute. *Parsons v. Dallas County,* 197 S.W.3d 915, 919 (Tex. App.-Dallas 2006, no pet.); *Raymond v. Hanson,* 970 S.W.2d 175, 178 (Tex.App.-Dallas 1998, no pet.). Accordingly, the notice provision of section 89.004(a) is inapplicable to the plaintiffs' claims brought under the tort claims act.

### Plea to the Jurisdiction

■ A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). The existence of subject matter jurisdiction is a question of law; thus, we review de novo the trial court's ruling on a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). When a jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, we review the relevant evidence to determine whether a fact issue exists. *Id.* at 227; *City of Celina v. Blair,* 171 S.W.3d 608, 611 (Tex.App.-Dallas 2005, no pet.); *Dallas Area Rapid Transit v. Edwards,* 171 S.W.3d 584, 587 (Tex.App.-Dallas 2005, pet. denied). If a fact issue exists, the trial court cannot grant the plea to the jurisdiction. *Miranda,* 133 S.W.3d at 228; *Blair,* 171 S.W.3d at 611; *Edwards,* 171 S.W.3d at 587. When reviewing a plea to the jurisdiction that implicates the merits of the case, we take as true all evidence favorable to the nonmovant and resolve any doubts in the nonmovant's favor. *Id.*

■ A governmental unit is immune from tort liability unless the legislature has waived immunity. *Dallas Cty. Mental Health and Mental Retardation v. Bossley,* 968 S.W.2d 339, 341 (Tex.1998). The Tort Claims Act provides that a governmental entity is liable for injury and death caused by a "condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX. CIV. PRAC. & REM.CODE ANN. § 101.021(2) (Vernon 2005). The standard for causation embodied in section 101.012(2) is proximate cause. *Bossley,* 968 S.W.2d at 343. The term "use" means "to put or bring into action or service; to employ for or apply to a given purpose." *Texas Dep't of Criminal Justice v. Miller,*

51 S.W.3d 583, 588 (Tex.2001). That property is involved is not enough. Property that merely furnishes the condition that makes the injury possible is not sufficient to waive immunity. *Bossley*, 968 S.W.2d at 343. Using the property must have actually caused the injury. *Id.* The tangible property must be the instrumentality of the harm. *Id.* For example, in *Bossley*, a mentally ill patient escaped through unlocked hospital doors and later committed suicide. *Id.* The patient was killed when he ran into oncoming traffic after escaping through the unlocked door. The supreme court held that the unlocked doors may have "furnished the condition that made the injury possible" by permitting the patient to escape, but "the use and condition of the doors were too attenuated from [the patient's] death to be said to have caused it." *Bossley*, 968 S.W.2d at 340–41.

To state a claim involving a condition of property, a plaintiff must allege that the defective or inadequate property caused the injury. *See Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30, 31–32 (Tex.1983); *Texas Parks & Wildlife Dept. v. Garrett Place, Inc.*, 972 S.W.2d 140, 143 (Tex.App.-Dallas 1998, no pet.). The property itself must cause the injury. *Bossley*, 968 S.W.2d at 343.

The County contends that immunity is not waived where the governmental entity does no more than furnish the condition that made the death possible. The cases relied upon by the County are distinguishable. *See San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244 (Tex.2004); *Texas Dept. of Criminal Justice v. Diller*, 127 S.W.3d 7 (Tex.App.-Tyler 2002, pet. denied); *Archibeque v. North Texas State Hosp.—Wichita Falls Campus*, 115 S.W.3d 154 (Tex.App.-Fort Worth 2003, no pet.). In *Cowan*, a patient who had been involuntarily committed to a state hospital used his suspenders and walker to commit suicide. The plaintiff alleged that the hospital waived immunity by allowing the patient to keep his own suspenders and walker with him. The supreme court said this was not a *use* within the meaning of section 101.021(2). The Court noted in *Cowan*, that the plaintiff in *Cowan* did not complain about the condition of the subject tangible property. A *use* of property waives governmental immunity only if the governmental unit is itself the user. *Cowan*, 128 S.W.3d at 245–46. The Court held that the hospital did not *use* the property by allowing someone else to use it. *Id.* at 246. Accordingly, immunity was not waived in *Cowan*.

In *Diller*, a jail employee moved Diller to solitary confinement after Diller set his mattress on fire. The employee transported Diller's clothing in a plastic mesh bag. Later that evening, Diller used the bag to hang himself. The plaintiff alleged that the government was negligent in leaving the bag in her son's room knowing that he was suicidal. *Diller*, 127 S.W.3d at 12. The court of appeals disagreed. It held that the government had not waived immunity because there was no use by a government employee and there was no allegation complaining about the condition of the bag. *Id.* Unlike the plaintiff in *Diller*, the plaintiffs in our case complained about the *condition* of the property. The plaintiffs alleged that the non-working telephone in the jail cell was inherently dangerous because it had a cord.

In *Archibeque*, the deceased was a patient with a history of suicidal tendencies. The plaintiff alleged that the hospital was negligent in providing the deceased with a plastic trash bag and shoe laces which she used to commit suicide. *Archibeque*, 115 S.W.3d at 156. The court held that the substance of the plaintiff's complaint was that hospital staff failed to adequately

monitor the patient due to her suicidal tendencies. *Id.* at 160. Moreover, the plaintiff in *Archibeque* complained only of the *use* of property, not its *condition.*

In their fifth amended petition, the plaintiffs alleged the County was negligent in its use or the condition of the corded telephone and in its use of the holding cell containing the corded telephone. The plaintiffs also alleged that the County was negligent in failing to properly assess Bryan Posey's mental state and his propensity to commit suicide during the book-in process. We agree with the County that the incident in this case did not arise from the County's *use* of property. *See Cowan,* 128 S.W.3d at 246.

In determining whether the *condition* of the corded telephone caused Bryan Posey's death, we must decide, on this record, whether the condition of the corded telephone in the jail cell could be the proximate cause of his death. The two elements of proximate cause are cause in fact and foreseeability. Cause in fact means that the defendant's act was a substantial factor in bringing about the injury or death that would not have otherwise occurred. *S.W. Key Program, Inc. v. Gil-Perez,* 81 S.W.3d 269, 274 (Tex.2002). The cause in fact element is met in this case because without the corded telephone being in the cell, Bryan Posey would not have died by hanging himself from the telephone's cord.

The test for foreseeability is whether a person of ordinary intelligence would have anticipated the danger his or her negligence creates. *Id.* As to the foreseeability element of proximate cause, the merits of the plaintiffs case come into play. Arguably, a person of ordinary intelligence would anticipate a danger of placing a person with *suicidal* tendencies in a jail cell with a corded telephone. Thus, the question turns on whether, at

this juncture and on this record, the County should have known that Bryan Posey was a suicide risk.

The evidence presented to the trial court revealed that the County was aware that corded telephones had been used by inmates to commit suicide. In fact, two inmates committed suicide with corded telephones in the Dallas County Jail in 1993 and 2000. It was the inmate suicide in 2000 that prompted the County to order that all corded telephones be removed and replaced with cordless telephones. All but two telephones had been replaced at the time of Bryan Posey's suicide. The evidence included an e-mail from Deputy Sheriff Edgar McMillan sent shortly after Bryan Posey's death. McMillan stated in his e-mail:

I gave orders three years ago that all phone cords would be removed and replaced with the in wall system. After the recent suicide I find that there are two still in the hold overs. Understand me clearly "I WANT ALL PHONES CORDS REPLACED IN THE HOLD OVERS IMMEDIATELY." The cords, as you can see, assist in the ability to commit suicide.

Former Detention Officer Lynn Looka was the officer who placed Bryan Posey in the single cell with the corded telephone. He testified at his deposition that he had been involved with the 1993 inmate suicide involving a corded telephone.

The plaintiffs also presented evidence of the County's policies regarding the assessment of inmates for suicide risks. The policies noted risk factors such as strong emotions of rage and being under the influence of drugs. According to the policy, if any of the symptoms are present, the inmate is to be referred to the medical staff for the initial health screening. Referral is also necessary if the arresting

officer provides information of any of these symptoms. The County's policies also state that the highest risk of suicide is within the first 24 hours of confinement.

The evidence also included Officer Steen's affidavit. He testified that Bryan Posey was placed in a single cell for the following five reasons: (1) he was verbally abusive toward the other inmates; (2) he was displaying angry, irrational, and emotional behavior; (3) he had been physically aggressive toward his mother; (4) he displayed uncooperative behavior and vulgar language throughout his arrest and detention; and (5) his mother requested that he be stopped from making phone calls. The Dallas Police Department Arrest Report stated that Bryan Posey was placed in a single cell "for his protection due to his irrational state of mind and verbal abuse toward other detainees."

As part of the book-in procedure, the detention officers are to complete a suicide screening form. In their depositions, Sergeant John Allen, Deputy Sheriff Edgar McMillan, Jr., and Sergeant Ilana Presley testified that all questions on the suicide screening form were to be asked and answered. Nurse Jacinta Okafor testified that she did ask all the questions on the screening form. Detention Service Officer Shalisa Heard testified that they do not have to ask each of the questions verbatim and that they never ask the first two questions at the top of the form. She further testified that she marked some answers "no" by making her own assumptions. Jail administration expert, Lindsay Hayes, testified that the County violated its own jail policies by failing to complete and correctly administer the suicide screening form.

The evidence as to the screening form shows that Nurse Okafor stated that she asked all questions. However, the first two questions on Bryan Posey's form were left blank. One of those questions inquired whether the arresting officer believed the inmate was a medical, mental health, or suicide risk. The offense incident report of the arresting officer, Officer Steen, noted that Bryan Posey had been doing drugs for the past eight days and that he was in an irrational state of mind. Moreover, Heard presented testimony that conflicted with Nurse Okafor's testimony. Heard testified that she marked some of the answers "no" based on her assumptions, not on Bryan Posey's responses to the questions.

The plaintiffs presented the affidavit of Richard G. Kiekbusch, Ph.D., an expert on jail management and the prevention of inmate suicides. He testified that it is never proper to place an inmate who might be suicidal in a cell with a corded telephone. Lieutenant Gary Taylor, commander of the jail's communications section, testified that he would never place an inmate in a jail cell with a broken handset because the inmate could use it to hurt either himself or others.

The trial court cannot grant a plea to the jurisdiction when there is conflicting evidence on jurisdictional facts. The evidence is undisputed that it would be improper to place an inmate with suicidal tendencies in a cell with a corded telephone. The evidence is conflicting on whether County employees properly assessed Bryan Posey's suicide risk. The plaintiffs, through their evidence, have raised a fact issue as to whether the County properly assessed Bryan Posey for his risk of suicide.

Accordingly, we conclude the trial court did not err in denying the County's third amended plea to the jurisdiction. We overrule the County's first issue.

### No–Evidence Motion for Summary Judgment

 A no-evidence motion for summary judgment places the burden on the

non-movant to present summary judgment evidence raising a genuine fact issue. *Espalin v. Children's Med. Ctr. of Dallas*, 27 S.W.3d 675, 683 (Tex.App.-Dallas 2000, no pet.). We review a no-evidence motion for summary judgment under the same legal sufficiency standard used to review a directed verdict. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 832–33 (Tex.App.-Dallas 2000, no pet.). Thus, we must determine whether the non-movant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *Id.* at 833.

■ The plaintiffs asserted a negligence cause of action against the County in its fifth amended petition. The elements of a negligence claim are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach. *D. Houston, Inc. v. Love*, 92 S.W.3d 450, 454 (Tex.2002). In its first amended no-evidence motion for summary judgment, the County asserted that there was no evidence to support the plaintiffs' negligence claim. We disagree. In response to the motion, the plaintiffs presented evidence showing that the sheriff has the duty to keep safe those persons committed to his custody. *See* TEX.CODE CRIM. PROC. ANN. art. 16.21 (Vernon 2005). As outlined above, the plaintiffs presented some evidence that the County breached that duty by failing to properly assess Bryan Posey's suicide risk and placing him in a jail cell with a corded telephone.

Because the plaintiffs presented some evidence on the elements of their negligence cause of action, we conclude the trial court did not err in denying the County's first amended no-evidence motion for summary judgment. We overrule the County's second issue.

We affirm the trial court's orders denying the third amended plea to the jurisdiction and the first amended no-evidence motion for summary judgment.