UNIVERSITY OF TEXAS SOUTHWESTERN MEDICAL CENTER AT DALLAS, and Dallas County Hospital District d/b/a Parkland Health and Hospital System, d/b/a Parkland Memorial Hospital, Appellants,

v.

The ESTATE OF Irene Esther ARANCIBIA by its Beneficiary Victor Hugo VASQUEZ–ARANCIBIA, Victor Hugo Vasquez–Arancibia, Individually, and Cecillia Vasquez–Arancibia, Individually, Appellees.

No. 05–07–00499–CV.

Court of Appeals of Texas, Dallas.

Nov. 20, 2007.

Rehearing Overruled Feb. 5, 2008.

4. *Lane v. State,* 151 S.W.3d 188, 193 (Tex. Crim.App.2004); *Leday v. State,* 983 S.W.2d 713, 718 (Tex.Crim.App.1998).

Winston L. Borum, Borum & Hancock, L.L.P., Fort Worth, John P. Giberson, Asst. Atty. Gen., Austin, for appellants.

Stephen A. Khoury, Dallas, for appellees.

Before MOSELEY, LANG, and MAZZANT.

## OPINION

Opinion By Justice LANG.

University of Texas Southwestern Medical Center (UTSW) and Dallas County Hospital District d/b/a Parkland Health and Hospital System, d/b/a Parkland Memorial Hospital (Parkland) appeal the trial court's order denying their pleas to the jurisdiction in a lawsuit filed against them by the Estate of Irene Esther Arancibia by its beneficiary Victor Hugo Vasquez–Arancibia, Victor Hugo Arancibia, individually, and Cecillia Vasquez–Arancibia, individually (collectively the Arancibias).

In three issues, UTSW and Parkland argue the trial court erred when it: (1) denied UTSW's plea to the jurisdiction and motions to dismiss; (2) denied Parkland's plea to the jurisdiction and motion to dismiss; and (3) determined the Arancibias' petition was sufficient to demonstrate subject matter jurisdiction concerning notice.

We conclude the trial court did not err when it denied UTSW and Parkland's pleas to the jurisdiction and motions to dismiss. The trial court's order denying UTSW and Parkland's pleas to the jurisdiction and motions to dismiss is affirmed.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 3, 2004, the Arancibias sued David Curtis, M.D., Franklin Yau, M.D., and Mark Watson, M.D., alleging medical negligence with regard to the death of Irene Arancibia. Irene Arancibia died on September 7, 2003. Drs. Curtis, Yau, and

Watson filed answers generally denying the allegations.

On October 7, 2004, Drs. Curtis and Yau filed a motion to dismiss pursuant to section 101.106(f) of the Texas Civil Practice and Remedies Code. On January 20, 2005, Dr. Watson filed a motion to dismiss pursuant to section 101.106(f). On November 2, 2004, counsel for Drs. Curtis, Yau, and Watson, and counsel for the Arancibias executed a Rule 11 agreement. The Rule 11 agreement: (1) extended the thirty-day time period under section 101.106(f) until January 31, 2005, so the Arancibias could amend their pleadings to dismiss Drs. Curtis, Yau, and Watson; (2) permitted the parties a reasonable time to conduct discovery and provided a discovery schedule concerning the motions for dismissal that had been filed; and (3) provided that Drs. Curtis, Yau, and Watson waived any right to assert a dismissal of the Arancibias' claims under section 101.106(f), if the Arancibias filed amended pleadings dismissing their claims against the physicians by January 31, 2005.[1] On January 28, 2005, the Arancibias filed their first amended petition dismissing their claims against Drs. Curtis, Yau, and Watson and asserting claims against UTSW and Parkland.

On October 3, 2005, UTSW and Parkland filed their pleas to the jurisdiction and motions to dismiss, claiming sovereign immunity. On April 10, 2007, after a hearing, the trial court denied UTSW's and Parkland's pleas to the jurisdiction and motions to dismiss. This interlocutory appeal followed.

## II. PLEA TO JURISDICTION

In three issues, UTSW and Parkland argue the trial court erred when it denied their pleas to the jurisdiction and motions to dismiss.

### A. Standard of Review

■ Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code permits a party to appeal an interlocutory order that grants or denies a plea to the jurisdiction by a governmental unit. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon 2002); *City of Dallas v. First Trade Union Sav. Bank,* 133 S.W.3d 680, 686–87 (Tex.App.-Dallas 2003, pet. denied); *Brenham Hous. Auth. v. Davies,* 158 S.W.3d 53, 61 (Tex.App.-Houston [14th Dist.] 2005, no pet.). The statute authorizing interlocutory appeals is a narrow exception to the general rule that only final judgments and orders are appealable. *See First Trade,* 133 S.W.3d at 686. As a result, appellate courts must strictly construe section 51.014. *See generally, First Trade,* 133 S.W.3d at 686–87(discussing waiver); *Austin Indep. Sch. Dist. v. Lowery,* 212 S.W.3d 827, 834 (Tex.App.-Austin 2006, pet. denied); *Brenham Housing,* 158 S.W.3d at 61.

■ A plea to the jurisdiction based on sovereign immunity challenges a trial court's subject matter jurisdiction. *State v. Holland,* 221 S.W.3d 639, 642 (Tex. 2007); *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex. 2004); *see also City of Seagoville v. Lytle,* 227 S.W.3d 401, 408 (Tex.App.-Dallas 2007, no pet.); *Willms v. Americas Tire Co.,* 190 S.W.3d 796, 809 (Tex.App.-Dallas 2006, pet. denied). Whether a trial court has subject matter jurisdiction is a question of law. *Holland,* 221 S.W.3d at 642; *Miranda,* 133 S.W.3d at 226; *see also Lytle,* 227 S.W.3d at 407; *Willms,* 190 S.W.3d at 808. Accordingly, an appellate court reviews a challenge to the trial court's subject matter jurisdiction de novo. *Holland,*

1. The Rule 11 agreement is not included in the record on appeal. However, the parties do not contest the contents of the Rule 11 agreement.

221 S.W.3d at 642; *Miranda*, 133 S.W.3d at 226; *see also Lytle*, 227 S.W.3d at 407; *Willms*, 190 S.W.3d at 808. In performing this review, an appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *Miranda*, 133 S.W.3d at 226; *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002); *see also Lytle*, 227 S.W.3d at 408; *Willms*, 190 S.W.3d at 809.

### B. Notice Provision

We will begin by addressing issue three. Our conclusion as to issue three directs us towards the proper resolution of issues one and two. In issue three, UTSW and Parkland argue they did not have notice of the Arancibias' claims so the claims are barred, as a matter of law, under the Texas Tort Claims Act. First, UTSW and Parkland argue the Arancibias failed to plead or provide evidence that demonstrates they provided UTSW and Parkland with timely notice of a claim as required by the Texas Tort Claims Act. Second, they argue the evidence was insufficient to raise a fact issue regarding notice. The Arancibias respond that their evidence was admitted without objection, and it shows UTSW and Parkland had actual notice of Irene Arancibia's death.

### 1. Applicable Law

 Pursuant to section 101.101(a) of the Texas Civil Practice and Remedies Code, "[a] governmental unit is entitled to receive notice of a claim against it under [the Texas Tort Claims Act] not later than six months after the day that the incident giving rise to the claim occurred." Tex. Civ. Prac. & Rem.Code Ann. § 101.101(a) (Vernon 2005); *Dallas County v. Posey*, 239 S.W.3d 336, 339 (Tex.App.-Dallas 2007, no pet. h.). Effective June 15, 2001, the legislature added section 311.034 of the Texas Government Code, which stated:

> In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language. In a statute, the use of "person," as defined by Section 311.005 to include governmental entities does not indicate legislative intent to waive sovereign immunity unless the context of the statute indicates no other reasonable construction.

Act of June 15, 2001, 77th Leg., R.S., ch. 1158, § 8, 2001 Tex. Gen. Laws 2570, 2572 (amended 2005) (current version at Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2006)); *Posey*, 239 S.W.3d at 339. In 2005, the legislature amended section 311.034 to add the following sentence at the end of the provision, "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't Code Ann. § 311.034; *Posey*, 239 S.W.3d at 339. This amendment became effective on September 1, 2005. Act of June 18, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783; *Posey*, 239 S.W.3d at 339. A statute is presumed to be prospective in its application unless expressly made retrospective. Tex. Gov't Code Ann. § 311.022; *Posey*, 239 S.W.3d at 339. Statutes are only applied retroactively if the statutory language indicates the legislature intended the statute to be retroactive. *In re M.C.C.*, 187 S.W.3d 383, 384 (Tex.2006); *Posey*, 239 S.W.3d at 339. The portion of section 311.034 which states that notice provisions are jurisdictional does not apply to lawsuits filed before September 1, 2005. *Posey*, 239 S.W.3d at 339; *Tex. Tech Health Sciences Ctr. v. Lucero*, 234 S.W.3d 158, 165–66 (Tex.App.-El Paso 2007, no pet. h.) (amendment to

section 311.034 not retroactive); *Abercia v. Kingvision Pay–Per–View, Ltd.,* 217 S.W.3d 688, 695 (Tex.App.-El Paso 2007, pet. filed) (amendment to section 311.034 not retroactive where motion filed and order issued before effective date of amendment); *Baylor Coll. of Med. v. Hernandez,* 208 S.W.3d 4, 8 n. 3 (Tex.App.-Houston [14th Dist.] 2006, pet. denied) (amendment to section 311.034 not retroactive where suit filed before effective date of amendment); *see also City of Seabrook v. Port of Houston Authority,* 199 S.W.3d 403, 421 n. 7 (Tex.App.-Houston [1st Dist.] 2006, pet. abated) (commenting amendment to section 311.034 did not apply retroactively to suit because of effective date of amendment). *But see Tex. Dep't of Criminal Justice v. Thomas,* No. 01–04–01084–CV, —— S.W.3d ——, ——–——, 2007 WL 1152937, *3–5 (Tex.App.-Houston [1st Dist.] Apr. 19, 2007, pet. filed) (applying amendment to section 311.034 retroactively without discussion of issue); *Med. Arts Hosp. v. Robison,* 216 S.W.3d 38, 41 (Tex. App.-Eastland 2006, no pet.) (applying amendment to section 311.034 retroactively without discussion of issue); *Tex. Dep't of Criminal Justice v. Simons,* 197 S.W.3d 904, 906–07 (Tex.App.-Beaumont 2006, no pet.) (concluded amendment to section 311.034 applies retroactively because it is procedural and does not take away existing rights). Before September 1, 2005, the failure to give notice of a claim as required by section 101.101 did not deprive a trial court of subject matter jurisdiction. *See Univ. of Tex. Sw. Med. Ctr. at Dallas v. Loutzenhiser,* 140 S.W.3d 351, 362, 365 (Tex.2004).

### 2. Application of the Law to the Facts

■ In their pleas to the jurisdiction, UTSW and Parkland focused on their assertion that the trial court did not have subject matter jurisdiction because the 2005 amendment to section 311.034 established that notice is a jurisdictional prerequisite to suit and the Arancibias failed to plead or provide evidence showing he provided timely notice. The record shows the Arancibias filed their first amended petition against UTSW and Parkland on January 28, 2005. Obviously, the petition was filed before September 1, 2005, the effective date of the amendment to section 311.034. *See* Act of June 18, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783; *Posey,* 239 S.W.3d at 339. The amendment to section 311.034 does not apply to lawsuits filed before September 1, 2005. *See Posey,* 239 S.W.3d at 339. Accordingly, we conclude the Arancibias' failure to provide notice did not deprive the trial court of subject matter jurisdiction. *See Loutzenhiser,* 140 S.W.3d at 362, 365.

Issue three is decided against UTSW and Parkland.

### C. Section 101.106(f) of the Texas Civil Practice and Remedies Code

Now, we address issues one and two. In issues one and two, UTSW and Parkland argue the trial court erred when it denied their pleas to the jurisdiction and motions to dismiss because the Arancibias: (1) failed to provide UTSW and Parkland with notice because the jurisdictional six-month advance notice requirement under section 101.101(a) was not waived by the physicians' motion, pursuant to section 101.106(f), seeking to be dismissed from the lawsuit and to have UTSW and Parkland named as defendants in their stead; and (2) failed to amend their petition to add UTSW and Parkland within thirty days after the physicians moved to dismiss as required by section 101.106(f), and that requirement is not subject to extension by any Rule 11 agreement.

### 1. Notice Required Under Section 101.106(f)

In their response to the pleas to the jurisdiction, the Arancibias argued they were not required to provide UTSW and Parkland with notice because no notice was required when the physicians moved, under section 101.106(f), to be dismissed from the lawsuit and to have UTSW and Parkland named as defendants in their stead. In response to this argument, UTSW and Parkland argued that, even though the physicians invoked section 101.106(f), the jurisdictional six-month advance notice requirement under section 101.101(a) still applied. UTSW and Parkland asserted that, as a result, the Arancibias failed to provide timely notice of a claim to UTSW and Parkland.

We have already determined the amendment to section 311.034, which states "Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity," is not retroactive and the Arancibias' failure to provide notice did not deprive the trial court of subject matter jurisdiction because their lawsuit was filed before September 1, 2005. Accordingly, on this record, the applicability of the six-month advance notice of claim provision to section 101.106(f) is not a jurisdictional requirement because the 2005 amendment to section 311.034 is not retroactive.

### 2. Thirty-day Amendment Period Under Section 101.106(f)

■ On appeal, UTSW and Parkland argue that because the Arancibias failed to amend their petition to add UTSW and Parkland as defendants within thirty days of the physicians filing a motion pursuant to section 101.106(f), the trial court has no jurisdiction as to the claims against them. They contend the thirty-day amendment period in section 101.106(f) must be adhered to strictly and the Rule 11 agreement cannot extend the statutory thirty-day requirement. Initially, the Arancibias argue this issue is waived because UTSW and Parkland did not raise it before the trial court respecting their pleas to the jurisdiction. In their reply brief, UTSW and Parkland argue this issue is not waived because subject matter jurisdiction may be raised for the first time on appeal. Despite the Arancibias' contention that this discrete issue was not raised before the trial court or properly presented for appeal, all parties urged us, during oral argument, to address it. In fact, the parties claim that were we to decline to address this issue, they will take it before the trial court and the result will be appealed regardless of the outcome. However, we conclude that we do not have jurisdiction to review this issue and we decline to reach beyond our jurisdiction.

■ The record reflects that, at the trial court and in their pleas to the jurisdiction, UTSW and Parkland did not argue the six-month advance notice requirement applies to section 101.106(f), or the thirty-day amendment period in section 101.106(f) was a "prerequisite" to the Arancibias filing suit against UTSW and Parkland that cannot be excused or altered by any Rule 11 agreement. We are bound by the rule that appellate courts must strictly construe section 51.014, confining their review to the claims addressed in the plea to the jurisdiction that was filed or considered by the trial court. See First Trade, 133 S.W.3d at 686–87; Lowery, 212 S.W.3d at 834; Brenham Housing, 158 S.W.3d at 61. Courts of appeals should not consider whether the trial court erred in denying a plea to the jurisdiction on a ground that was not argued before the trial court. See First Trade, 133 S.W.3d at 687; Lowery, 212 S.W.3d at 834. Al-

though subject matter jurisdiction cannot be waived and may be raised for the first time in an appeal from a final judgment, section 51.014(a)(8) does not grant the courts of appeals jurisdiction to broadly review claims that were neither included in the plea to the jurisdiction nor considered by the trial court. *See Lowery,* 212 S.W.3d at 834; *Brenham Housing,* 158 S.W.3d at 61.[2]

We have delineated the extent to which we address issues one and two. To that extent, issues two and three are decided against UTSW and Parkland.

## IV. CONCLUSION

The trial court did not err when it denied UTSW and Parkland's pleas to the jurisdiction and motions to dismiss. Issues one through three are decided against UTSW and Parkland.

The trial court's order denying UTSW and Parkland's pleas to the jurisdiction and motions to dismiss is affirmed.

---

2. We note that, in their brief and in oral argument, UTSW and Parkland relied on the Corpus Christi Court of Appeals's opinion in *Calderon. Tex. Dep't Agric. v. Calderon,* 221 S.W.3d 918 (Tex.App.-Corpus Christi 2007, no pet.). They argue *Calderon* established that the thirty-day amendment period provided in section 101.106(f) must be adhered to or the trial court has no jurisdiction. However, we have already concluded the 2005 amendment to section 311.034, which uses the operative term "prerequisite," is not retroactive.