**DALLAS COUNTY, Texas, Appellant,**

v.

**Roy LOGAN, Appellee.**

**No. 05–11–00480–CV.**

Court of Appeals of Texas, Dallas.

Jan. 24, 2012.

Rehearing Overruled Jan. 24, 2012.

Craig Watkins, Dist. Atty., Jana Prigmore Ferguson, Asst. Dist. Atty., Dallas, for Appellant.

William J. Dunleavy, Law Office of William J. Dunleavy, Dallas, for Appellee.

Before Justices MOSELEY, LANG, and MYERS.

## OPINION ON MOTION FOR REHEARING

Opinion By Justice LANG.

On November 3, 2011, this Court issued an opinion affirming the trial court's order in this case. Appellant Dallas County, Texas, filed a motion for rehearing on December 22, 2011. We deny Dallas County's motion for rehearing. We withdraw our November 3, 2011 opinion and vacate the judgment of that date. This is now the opinion of the Court.

In this interlocutory appeal, Dallas County asserts a single issue challenging the trial court's denial of its plea to the jurisdiction in a suit brought by appellee Roy Logan pursuant to the Texas Whistleblower Act. *See* TEX. GOV'T CODE ANN. §§ 554.001–.010 (West 2004). For the reasons below, we affirm the trial court's order.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In his live petition at the time of the order complained of, Logan alleged he was employed as a deputy constable with Dallas County from July 2008 to September 2010. Logan contended that while he was employed by Dallas County, he reported violations of law by the Dallas County Constable and other Dallas County supervisory personnel to the Dallas County Judge and investigators hired by the Dallas County Commissioners Court. According to Logan, as a result of his reporting of those illegal activities, he was reprimanded, suspended, and ultimately terminated in violation of the Whistleblower Act.[1] Fur-

---

1. In addition to his whistleblower claims, Logan asserted claims for declaratory relief, injunctive relief, and equal protection.

ther, Logan contended in relevant part that to the extent Dallas County was immune from suit or liability respecting his whistleblower claims, such immunity had been waived pursuant to that act.

Dallas County filed a general denial answer and asserted affirmative defenses including, *inter alia,* immunity from suit and liability "under the doctrine of sovereign immunity." Additionally, in a section of its answer titled "Plea to the Jurisdiction," Dallas County contended its "sovereign/governmental immunity against suit has not been waived."

One day after filing its answer, Dallas County filed a document titled "Plea to the Jurisdiction." Therein, Dallas County specifically addressed the trial court's jurisdiction only as to Logan's whistleblower claims. Dallas County contended the investigators to whom Logan reported the activities he believed to be illegal worked for Defenbaugh and Associates, a non-governmental entity headed by investigator Danny Defenbaugh that was hired by the Dallas County Commissioners Court to conduct a civil investigation. According to Dallas County,

> Dallas County's immunity was not waived because Roy Logan did not make a good faith report of a violation of law to an appropriate law enforcement authority as required by § 554.002(a) of the Whistleblower Act. Danny Defenbaugh and his fellow investigators were not an appropriate law enforcement authority. Danny Defenbaugh and the other investigators who were in his employment were not part of a state or local governmental entity or of a[sic] the federal government as they could not regulate nor enforce the laws that Logan alleged had been violated or investigate or prosecute a violation of criminal law, as mandated by § 554.002(a), (b)(1), (2) of the Whistleblower Act.

Attached as exhibits to Dallas County's plea to the jurisdiction were excerpts from deposition testimony of Kenneth Lybrand, an investigator who worked for Defenbaugh and Associates and had participated in the investigation at issue.

In his response to Dallas County's plea to the jurisdiction, Logan contended Dallas County disputed only one element of his whistleblower claim: whether Logan made his report to an appropriate law enforcement authority. Logan asserted Dallas County had not disputed that he (1) was a public employee, (2) made good faith reports of violations of law by other public employees, and (3) suffered adverse employment actions in retaliation for his reports. Logan argued he "made his reports to an appropriate law enforcement authority, as that term is defined by the Texas Whistleblower Act." He asserted Dallas County "ignores the fact that [the investigators to whom Logan made his reports] were working for the Dallas County Commissioners Court" when they received those reports and "ignores the reports Logan made to the Dallas County Judge." Further, Logan contended

> The significant issue before the Court on the question of sovereign immunity is not what Mr. Lybrand thought his status was, nor even what this Court might determine his status was, as an "appropriate law enforcement authority." Instead, the critical question here is whether Roy Logan reasonably and in good faith believed the investigators hired by the Dallas County Commissioners Court were "an appropriate law enforcement authority."

On this relevant issue, Logan testified that he believed the investigators, acting on behalf of the County Judge and the Dallas County Commissioners Court, had authority to correct the illegal activities [at issue]. Logan also believed, in good faith and based on his training,

experience and on what the investigators and the Dallas County Judge told him, that the investigators, when they acted on behalf of the Dallas County Commissioners Court, had authority to regulate under and/or enforce the laws violated. Defendant does not challenge Logan's stated beliefs.

(footnote omitted). Attached as exhibits to Logan's response were (1) several affidavits made by him attesting to, *inter alia,* his "good faith" beliefs respecting the investigators and the Dallas County Judge and (2) an excerpt from a "Preliminary Investigative Report" pertaining to the investigation at issue.

Dallas County filed a reply in which it asserted in relevant part that Logan had failed to present any evidence "to support an allegation that an appropriate law enforcement authority could regulate under or enforce the law alleged to have been violated or investigate or prosecute a violation of criminal law per § 554.002(a) of the Act." Additionally, Dallas County asserted numerous objections to the evidence in the exhibits attached to Logan's response.

Following a hearing,[2] the trial court overruled Dallas County's objections to the evidence and denied Dallas County's plea to the jurisdiction. This interlocutory appeal timely followed. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (West Supp. 2011) (allowing for interlocutory appeal of order denying plea to jurisdiction by governmental unit).

## II. DENIAL OF DALLAS COUNTY'S PLEA TO THE JURISDICTION

### A. *Standard of Review and Applicable Law*

■ Whether a trial court has subject matter jurisdiction is a matter of law that is reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226, 228 (Tex.2004); *Tex. Natural Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex.2002); *Robinson v. Neeley,* 192 S.W.3d 904, 907 (Tex.App.-Dallas 2006, no pet.). In performing this review, an appellate court does not look to the merits of the case, but considers only the pleadings and evidence relevant to the jurisdictional inquiry. *See Miranda,* 133 S.W.3d at 227; *Cnty. of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex.2002).

■ A party may challenge the trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Miranda,* 133 S.W.3d at 225–26. When such a plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Id.* at 226; *see also* TEX.R. CIV. P. 45 ("All pleadings shall be construed so as to do substantial justice."). If the pleadings do not allege facts sufficient to affirmatively demonstrate jurisdiction, but the pleading defects are curable by amendment, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend. *See Miranda,* 133 S.W.3d at 226–27; *see also Clifton v. Walters,* 308 S.W.3d 94, 98 (Tex. App.-Fort Worth 2010, pet. denied); *City of Austin v. Leggett,* 257 S.W.3d 456, 461 (Tex.App.-Austin 2008, pet. denied). If the pleadings affirmatively negate jurisdiction, the plea should be granted. *See Miranda,* 133 S.W.3d at 227; *Leggett,* 257 S.W.3d at 461.

■ In appeals pursuant to section 51.014(a)(8), an appellate court's jurisdic-

2. The appellate record contains no reporter's record of the hearing on Dallas County's plea to the jurisdiction.

tion is limited to reviewing the grant or denial of the plea to the jurisdiction that was filed or considered by the trial court. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8); *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 244 S.W.3d 455, 461–62 (Tex.App.-Dallas 2007), *aff'd on other grounds*, 324 S.W.3d 544 (Tex.2010); *City of Dallas v. First Trade Union Sav. Bank*, 133 S.W.3d 680, 686–87 (Tex.App.-Dallas 2003, pet. denied). "[S]ection 51.014(a)(8) does not grant the courts of appeals jurisdiction to broadly review claims that were neither included in the plea to the jurisdiction nor considered by the trial court." *Estate of Arancibia*, 244 S.W.3d at 462; *see also First Trade Union Sav. Bank*, 133 S.W.3d at 687.[3]

 Under the common-law doctrine of sovereign immunity, the state cannot be sued without its consent. *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011) (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 331 (Tex.2006)). Governmental immunity operates like sovereign immunity to afford similar protection to subdivisions of the state, including counties, cities, and school districts. *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 638 (Tex.2004) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex.2003)); *Learners Online, Inc. v. Dallas Indep. Sch. Dist.*, 333 S.W.3d 636, 641–42 (Tex.

App.-Dallas 2009, no pet.). Like sovereign immunity, governmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a governmental entity, and immunity from suit, which bars suit against the entity altogether. *Tooke*, 197 S.W.3d at 332. Governmental immunity from suit deprives a trial court of subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 225–26.

 "[E]ven if the State acknowledges liability on a claim, immunity from suit bars a remedy until the Legislature consents to suit." *Learners Online*, 333 S.W.3d at 642 (quoting *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 324 (Tex. 2006)). The plaintiff bears the burden of pleading facts affirmatively demonstrating waiver of immunity from suit. *See, e.g., City of Irving v. Seppy*, 301 S.W.3d 435, 443 (Tex.App.-Dallas 2009, no pet.).

The Texas Whistleblower Act is contained in chapter 554 of the Texas Government Code. *See* Tex. Gov't Code Ann. §§ 554.001–.010. Section 554.002 of the Whistleblower Act provides

(a) A state or local governmental entity may not suspend or terminate the employment of, or take other adverse per-

---

**3.** *Cf. City of Dallas v. VSC, LLC*, 347 S.W.3d 231 (Tex.2011). In that case, VSC, a licensed vehicle storage facility, initiated a constitutional takings suit against the City asserting a lien for storage fees against cars seized by the City's police department. *Id.* at 233–34. The trial court denied the City's plea to the jurisdiction and this Court affirmed the trial court's order. *Id.* at 234. The supreme court reversed because VSC brought its suit without first seeking compensation through an applicable remedial statutory scheme, Chapter 47, Texas Code of Criminal Procedure. *Id.* at 235. The majority concluded that because VSC knew who seized the cars, "it was re-

quired to pursue the chapter 47 proceedings." *Id.* According to the dissent, VSC's failure to invoke Chapter 47 was not asserted as a ground for the City's plea to the jurisdiction or addressed in VSC's response. *See id.* at 242–43 (Wainwright, J., dissenting). However, the record showed that in VSC's live petition, it contended it had no responsibility to seek that remedial statutory relief. *Id.* at 235 n. 11; *see also id.* at 247 n. 7 (Wainwright, J., dissenting) ("Certainly, in a notice pleading jurisdiction (and perhaps even if not), VSC's pleadings raise the issue of its rights and remedies under Chapter 47.").

sonnel action against, a public employee who in good faith reports a violation of law by the employing governmental entity or another public employee to an appropriate law enforcement authority.

(b) In this section, a report is made to an appropriate law enforcement authority if the authority is a part of a state or local governmental entity or of the federal government that the employee in good faith believes is authorized to:

(1) regulate under or enforce the law alleged to be violated in the report; or

(2) investigate or prosecute a violation of criminal law.

*Id.* § 554.002. Pursuant to section 554.0035 of the act, "[s]overeign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter." *Id.* § 554.0035.

 Under section 554.002, a conclusion that a governmental entity to whom a report is made is not authorized to regulate under, enforce, investigate, or prosecute the law at issue is not determinative as to whether a whistleblower action can be maintained. *Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 320 (Tex. 2002). A party may obtain Whistleblower Act protection if he in good faith believed such governmental entity was an appropriate law enforcement authority as the statute defines the term. *Id.* In the context of section 554.002(b), "good faith" means (1) the employee believed the governmental entity was authorized to regulate under or enforce the law alleged to be violated in the report, or investigate or prosecute a violation of criminal law; and (2) the employee's belief was reasonable in light of the employee's training and experience. *Id.* at 321.

## B. Analysis

In its sole issue on appeal, Dallas County asserts the trial court erred by denying its plea to the jurisdiction. In its brief before this Court, Dallas County argues (1) "Logan's claims were barred by governmental/sovereign immunity,"[4] (2) the trial court lacked jurisdiction over Logan's "incurably invalid Texas Whistleblower Act suit," (3) Logan's pleadings affirmatively negated the existence of jurisdiction, (4) evidence established Logan did not have a subjective good faith belief that he was making a report to an appropriate law enforcement authority, (5) the Dallas County Commissioners Court and Dallas County Judge "were not public employees," and (6) evidence established Logan did not have an objective good faith belief that he was making a report to an appropriate law enforcement authority when he "allegedly made allegations to the Dallas County Commissioners Court, Dallas County Judge and the Danny Defenbaugh investigators, including Kenneth Lybrand."

 Logan contends this Court should not consider arguments respecting his "good faith belief" because such issues were "not preserved for appeal." Further, Logan argues the investigators and the Dallas County Judge "were clearly all part of a local governmental entity."

Because our jurisdiction in this interlocutory appeal is limited, we confine our review to the ruling on the plea to the jurisdiction that was actually filed and do not address whether the district court erred in denying the plea on a ground that was not argued below. *See Estate of Arancibia,* 244 S.W.3d at 461–62; *First Trade Union Sav. Bank,* 133 S.W.3d at

4. To the extent Dallas County uses the terms "sovereign immunity" and "governmental immunity" interchangeably, we construe the issues in this appeal to pertain to "governmental immunity." *See Sykes,* 136 S.W.3d at 638.

687. As described above, the record shows that in the trial court, Dallas County contended (1) the investigators to whom Logan made his reports were not part of a state or local governmental entity or of the federal government and (2) the investigators and the Dallas County Judge were not appropriate law enforcement authorities because they could not regulate or enforce the laws that Logan alleged had been violated or investigate or prosecute a violation of criminal law, as required by the Whistleblower Act in section 554.002(b). The record shows no other jurisdictional challenges were asserted by Dallas County in the trial court.

■ First, we consider Dallas County's contention that section 554.002(b) is inapplicable because the investigators hired by the Dallas County Commissioners Court were not "part of a state or local governmental entity or of the federal government." See TEX. GOV'T CODE ANN. § 554.002(b). The parties do not dispute that Dallas County is a state or local governmental entity. Further, Logan's whistleblower claims are based not only on reports he made to the investigators, but also on reports made by him to the Dallas County Judge. The record does not show Dallas County specifically asserted in the trial court or on appeal that the Dallas County Judge is not "part of a state or local governmental entity or of the federal government." See id. Dallas County stated in its brief in this Court that the county has chosen to exclude elected officials, including members of the commissioners court and the Dallas County Judge, from the definition of "employee" for purposes of the Texas Workers' Compensation Act. See TEX. LAB.CODE ANN. § 504.012 (West 2006). However, even assuming, without deciding, that Dallas County properly raised that issue in the trial court, Dallas County does not explain, and the record does not show, how a purported exclusion from the definition of "employee" for workers' compensation purposes would preclude a Dallas County Judge from being "part of a state or local governmental entity or of the federal government." Therefore, even assuming, without deciding, that Dallas County is correct that the investigators hired by the Dallas County Commissioners Court were not "part of a state or local governmental entity or of the federal government," we cannot agree section 554.002(b) is inapplicable in this case. See TEX. GOV'T CODE ANN. § 554.002(b).

■ Second, we address Dallas County's contention that the investigators and the Dallas County Judge were not appropriate law enforcement authorities because they could not regulate or enforce the laws that Logan alleged had been violated or investigate or prosecute a violation of criminal law. Logan may obtain Whistleblower Act protection if he in good faith believed that either of the two authorities to whom he made reports was an appropriate law enforcement authority as the statute defines the term. See Needham, 82 S.W.3d at 320. Because the record shows Dallas County did not challenge Logan's objective or subjective good faith belief respecting an "appropriate law enforcement authority" in the trial court, we do not review on appeal any claim by Dallas County that Logan lacked such good faith belief. See Estate of Arancibia, 244 S.W.3d at 462; First Trade Union Sav. Bank, 133 S.W.3d at 687. Accordingly, even assuming without deciding that Dallas County is correct that neither the investigators nor the Dallas County Judge could regulate or enforce the laws that Logan alleged had been violated or investigate or prosecute a violation of criminal law, such conclusion would not demonstrate a failure by Logan to allege facts that affirmatively demonstrate the trial

court's jurisdiction. *See Miranda*, 133 S.W.3d at 226.

### III. CONCLUSION

We decide against Dallas County on its sole issue. The trial court's order is affirmed.